**Jesse Larry TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–492CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 24, 1982.

Casey O'Brien, Terrence Gaiser, Houston, for appellant.

Roberto Gutierrez, John Kyles, Houston, for appellee.

Before MILLER, ROBERTSON and JAMES, JJ.

MILLER, Justice.

Appeal arises from a conviction for aggravated robbery. Trial was before a jury which found appellant guilty and, after finding appellant had been once previously convicted of a felony, assessed punishment at fifty-five (55) years confinement in the Texas Department of Corrections and a $10,000.00 fine. Since a monetary fine is not permitted under Section 12.42(c) of the Texas Penal Code, the trial court entered judgment and sentence only on the confinement. Appellant gave timely notice of appeal. We find no error in the judgment below and affirm.

On November 5, 1980, Terry Bowersmith was working as a cashier-clerk at a self-service gasoline station in Houston, Texas. Immediately prior to closing at 10:00 p.m., appellant stopped his black Z–28 Camero automobile at the station and went inside to purchase some fuses. Appellant went back outside and filled his car with gasoline. He then re-entered the building to buy a six

pack of Lowenbrau Light beer and to pay for the gasoline. While Bowersmith was getting change out of the cash register, appellant showed him a gun and demanded all the money. Bowersmith obliged, and appellant took the money and beer and left. Bowersmith immediately called the West University police and gave them a description of appellant, the car he was driving, and the direction he had gone.

Shortly after responding to the robbery call, the West University police spotted an empty black Z–28 Camero in the parking lot of a game room some six blocks from the gasoline station. Detective Officer Douglas MacDougall testified he approached the Camero and noticed a six pack of Lowenbrau Light beer in plain view on the floor board of the car. Detective MacDougall also noticed the car was not displaying license plates, which further matched the description of the suspect's car, and that the vehicle identification number on the dashboard had been "punched-out." He testified he felt the hood of the car which was warm.

Six other police officers arrived at the game room parking lot in response to Detective MacDougall's request for assistance. Detective Sergeant Vickie Ruhman, MacDougall and a third officer entered the game room and saw a man matching the description given by Bowersmith, who was identified as appellant. Detective Ruhman arrested appellant, and asked him if his car was outside. Appellant responded that he owned the Z–28 Camero and gave her the keys to the car. The Camero was then towed to the police station and a search of the car revealed the six pack of beer, a pistol identified by Bowersmith as the gun used in the robbery, some ammunition and a shoulder holster. All of these items were admitted into evidence at appellant's trial.

Through six grounds of error appellant contends the trial court erred in admitting evidence obtained as a result of an illegal search of his automobile, accomplished without a warrant in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

Appellant argues the state's reliance on the inventory search as justification for the search is merely a subterfuge and that a search warrant was necessary. Without a proper search, argues appellant, the evidence gathered was inadmissible and his conviction must be reversed.

■ We find it unnecessary to reach appellant's argument because all error was waived below. If there was any error, it was harmless. Appellant specifically complains of five exhibits admitted into evidence during the testimony of Detective Ruhman. Appellant's objection to the exhibits at trial, however, came after Detective Ruhman had testified extensively to the arrest and the items found in the search. Appellant's counsel did not object to any testimony, but only to the five exhibits and only after they had been admitted. For court error to be preserved, and possibly prevented, an objection must be timely made at the first opportunity. Otherwise, an untimely objection waives any error. *Marini v. State,* 593 S.W.2d 709 (Tex.Cr. App.1980); *Garcia v. State,* 573 S.W.2d 12 (Tex.Cr.App.1978). Error has also been held waived in situations, such as here, where there was no objection regarding the *testimony* preceding the admission of the exhibits. *Marinia, supra, Cooper v. State,* 500 S.W.2d 837 (Tex.Cr.App.1973). Appellant's objections at trial were therefore waived and there is nothing presented on appeal.

We wish to note that even considering appellant's claims on the merits we fail to see his arguments as meritorious. Detective Ruhman testified appellant's car was taken into custody and inventoried under the authority of Article 6687–1, § 49, Tex. Rev.Civ.Stat.Ann. (Vernon 1977). That statute provides in pertinent part:

(c)(1) A person who possesses, sells or offers for sale a motor vehicle or any part of a motor vehicle that has had the serial number, the motor number, or the manufacturer's permanent identification number removed, changed, or obliterated when he knows the number has been removed, changed or obliterated commits

a misdemeanor punishable by a fine not to exceed $1,000, by confinement in jail for not more than 2 years, or by both.

\* \* \* \* \* \*

(d)(1) If a person is arrested for possession of a motor vehicle or part of a motor vehicle in violation of this section, the arresting officer will take the motor vehicle or part of a motor vehicle into his possession.

(2) If the seizure under Subsection (d)(1) is not made pursuant to a search warrant, the arresting officer shall prepare and deliver to a magistrate a written inventory of each motor vehicle or part of a motor vehicle seized.

As can be seen from the above quoted statute, a police officer may take a vehicle into custody when a person is arrested for having a car with an altered or obliterated vehicle identification number. Detective MacDougall testified he noticed the obliterated vehicle identification number when he first approached the car. Detective Ruhman testified one of the reasons appellant was arrested was because of the missing number. Since Article 6687–1, § 49 provides for an inventory search after taking the vehicle into custody, the search was legal and the evidence found as a result of the search was admissible at trial.

Appellant's grounds of error are overruled, and the judgment of the trial court is affirmed.