NUMBER 13-99-504-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


CALVIN JOHN DAVIS
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 230th District Court


of Harris County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 Following a trial to the court, appellant, Calvin John Davis, was
found guilty of the offense of possession of a controlled substance,
namely, cocaine, weighing less than one gram.(1)
 The court assessed
punishment at eight years imprisonment. By two issues, appellant
contends that: (1) the trial court erred in overruling his motion to
suppress; and (2) the evidence is legally and factually insufficient. We
affirm.

 Officer Darren Fuller of the Houston Police Department narcotics
division and his partner were conducting surveillance of a residence. 
The officers observed people, including appellant, arrive at the
residence, walk up to the house, meet with an individual from inside the
house, make a transaction, and leave the location. In the instant case,
as appellant walked away from the residence after completing a
transaction, he pulled something white from his pocket. Appellant
placed the white object he got from the individual into the other white
object, rolled it up, and put it in his pocket. Appellant got into the front
passenger seat of a vehicle. Based on Officer Fuller's training and
experience, he believed appellant purchased narcotics from someone at
this residence.

 After appellant's vehicle left the location, Officer Fuller radioed two
other units assisting in the narcotics investigation of the residence, and
informed them that appellant had been involved in a narcotics
transaction. He described appellant and the car to the officers, and told
them appellant was in the passenger seat of the vehicle.

 Appellant was followed and shortly thereafter the vehicle was
observed running a stop sign. Officers Armstrong and Peters made a
traffic stop. Armstrong approached the passenger's side of the vehicle,
Peters the driver's side. Officer David Morse from a second police unit
assisted with the stop. Officer Armstrong asked appellant to step out
of the car. As soon as appellant stood up, Officer Morse, who was
standing right beside the car door on the passenger side, looked down
and saw a white paper towel bundled up in the center of the seat
where appellant had been sitting.

 Officer Morse picked up the paper towel and looked inside of it. 
He saw several chunks of what appeared to be crack cocaine. Officer
Morse performed a field test on it and received a positive test for crack
cocaine. He later turned it over to Officer Fuller. At trial, Officers Morse
and Fuller identified State's exhibit number one as the paper towel and
chunks of crack cocaine that had been recovered. K.K. Alexander, a
chemist with the Houston Police Department crime laboratory, tested
the substance in the police lab and also concluded it tested positive for
cocaine.

 By his first issue, appellant contends the trial court erred in
overruling his motion to suppress. He complains his constitutional right
to be free from an illegal search and seizure was violated. Appellant
argues that the cocaine was the fruit of an illegal search and, thus,
should have been suppressed. The State contends this argument has
been waived. We agree.

 To preserve a complaint for appellate review, the record must
show that appellant made a specific timely request, objection, or motion
to the trial court and that he received a ruling on it. See Tex. R. App. P.
33.1(a). To be timely, a motion to suppress must be presented to the
trial court before the evidence is admitted into evidence. See Nelson v.
State, 626 S.W.2d 535, 536 (Tex. Crim. App. 1981); Sims v. State, 833
S.W.2d 281, 284 (Tex. App.--Houston [14th Dist.] 1992, pet. ref'd). In
the present case, we find no motion to suppress in the appellate record. 
We find nothing showing that a motion to suppress was ever filed or
ruled on by the trial court. Therefore, appellant has waived this issue.

 Furthermore, even had appellant filed a motion to suppress but
had not obtained a hearing or ruling on the motion, he was still required
to make a timely objection at trial in order to preserve error. See Tex. R.
App. P. 33.1(a). To be timely, an objection must be raised at the earliest
opportunity, or as soon as the ground for the objection becomes
apparent. See Lagrone v. State, 942 S.W.2d 602, 618 (Tex. Crim. App.
1997); Thomas v. State, 884 S.W.2d 215, 216 (Tex. App.--El Paso
1994, pet. ref'd). In Thomas, the defendant filed a motion to suppress,
but carried it with the trial and did not object until after he had allowed
the police to testify extensively about the search of the defendant. See
id. A photograph showing the syringe in the defendant's pocket was
also admitted, without objection. See id. The El Paso Court of Appeals
found that the defendant had failed to object at the earliest opportunity,
and thus had waived error. See id. at 216-17 (citing Marini v. State,
593 S.W.2d 709, 714 (Tex. Crim. App. 1980) (defendant waived error
in admission of LSD tablets and marihuana by failing to object to
testimony of the officer with regard to finding those drugs); Turner v.
State, 642 S.W.2d 216, 217 (Tex. App.--Houston [14th Dist.] 1982, no
pet.) (defendant's complaint with regard to admission of exhibits seized
after search incident to arrest waived for failure to object to preceding
testimony of officer regarding arrest and items found in search)).

 In the present case, appellant did not contest the introduction of
testimony regarding the cocaine until the State offered it into evidence
as an exhibit. This was done at the conclusion of the State's case. 
Defense counsel then objected on the basis the cocaine was not in plain
view and that it was an illegal search. However, appellant did not
object earlier when Officer Morse extensively testified he recovered the
substance from the seat where appellant had been sitting, that he field
tested the substance, and that the substance field tested positive for
cocaine. Also, without objection, the State presented testimony from
a chemist that the substance submitted by Officer Fuller tested positive
for cocaine and weighed nine milligrams. Appellant's objection to the
admission of the cocaine as an exhibit was untimely as it was not
raised at the earliest opportunity, or as soon as the ground of the
objection became apparent.

 Accordingly, because appellant did not file a motion to suppress
and because appellant did not object at the earliest opportunity, we
conclude he waived any alleged error in the admission of the cocaine. 
Appellant's first issue is overruled.

 By his second issue, appellant contends the evidence was
insufficient to support a verdict of guilty of intentional possession of a
controlled substance. Appellant challenges the legal and factual
sufficiency of the evidence.

 When reviewing the legal sufficiency of the evidence, the appellate
court shall look at all the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. See
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, No.
1915-98, 2000 Tex. Crim. App. LEXIS 12, at *14-15 (Tex. Crim. App.
Feb. 9, 1000); Patrick v. State, 906 S.W.2d 481, 486 (Tex. Crim. App.
1995); Turro v. State, 867 S.W.2d 43, 46-47 (Tex. Crim. App. 1993). 
This standard is applied to both direct and circumstantial cases. See
Earhart v. State, 823 S.W.2d 607, 616 (Tex. Crim. App. 1991); Sutherlin
v. State, 682 S.W.2d 546, 548-49 (Tex. Crim. App. 1984); Rosillo v.
State, 953 S.W.2d 808, 814 (Tex. App.--Corpus Christi 1997, pet. ref'd). 
The jury, or the court in a trial before the court, is the sole trier of fact,
and it may judge the credibility of the witnesses, reconcile conflicts in
the testimony, and accept or reject any or all of the evidence on either
side. See Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App.
1991). If there is evidence that establishes guilt beyond a reasonable
doubt, and the trier of fact believes that evidence, the appellate court
does not reverse the judgment on sufficiency of the evidence grounds. 
See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

 In reviewing the factual sufficiency of the evidence, we are not
bound to view the evidence in the light most favorable to the
prosecution, and may consider the testimony of defense witnesses and
the existence of alternative hypotheses. See Johnson, 2000 Tex. Crim.
App. LEXIS 12, at *15; Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim.
App. 1996). However, the mere existence of a reasonable alternative
hypothesis does not render the evidence factually insufficient. See
Richardson v. State, 973 S.W.2d 384, 387 (Tex. App.--Dallas 1998, no
pet.). We consider all of the evidence in the record related to the
appellant's sufficiency challenge, comparing the weight of the evidence
that tends to prove guilt with the evidence that tends to disprove it. 
See Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). 
We are not free to reweigh the evidence and set aside a jury verdict
merely because we believe that a different result is more reasonable. 
See Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis,
922 S.W.2d at 135. Only if the verdict is against the great weight of the
evidence presented at trial so as to be clearly wrong and unjust will we
reverse the verdict and remand for a new trial. See Clewis, 922 S.W.2d
at 133-34; Rosillo, 953 S.W.2d at 813.

 To establish unlawful possession of a controlled substance, the
State must prove beyond a reasonable doubt (1) that the accused
exercised care, custody, control, or management over the contraband,
and (2) that he knew the substance being possessed was contraband. 
See King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995); see
also Tex. Health & Safety Code Ann. § 481.115 (Vernon Supp. 2000). 
Appellant contests the sufficiency of the first prong, that he exercised
care, custody or control over the cocaine.

 Affirmative links to the contraband can be established by showing
additional facts and circumstances which indicate the accused's
knowledge and control of the contraband. See Cooper v. State, 788
S.W.2d 612, 614 (Tex. App.---Houston [1st Dist.] 1990, pet. ref'd). 
Facts establishing an affirmative link include, for example, (1) narcotics
being conveniently accessible to the accused, see Hahn v. State, 502
S.W.2d 724, 725 (Tex. Crim. App. 1973); and (2) contraband being
found on the same side of the car where the accused was sitting. See
Orosco v. State, 164 Tex. Crim. 257, 298 S.W.2d 134, 136 (1957).

 Testimony in this case reveals that appellant was observed
involved in a transaction with an individual at a residence that was
under surveillance by the narcotics division of the Houston Police
Department. Appellant exchanged money for something white that he
rolled into another white object which was then placed in his pocket
before entering a vehicle. That same vehicle was stopped by officers
who had been advised of the transaction. As appellant was being
removed from the vehicle, one of the officers noticed a white napkin on
the car seat directly beneath where appellant had been sitting, and
picked it up. The substance in the napkin field tested positive for
cocaine. See Warren v. State, 971 S.W.2d 656, 661-62 (Tex. App.--Dallas 1998, no pet.) (pill bottle containing cocaine found on passenger
seat of car after passenger was removed was sufficiently linked to
passenger); Cooper, 788 S.W.2d at 614 (cocaine found on passenger
seat of car after passenger was removed was sufficiently linked to
passenger).

 Appellant argues the driver could have thrown the cocaine onto
the seat after appellant was removed from the vehicle. However,
appellant did not produce any evidence controverting the officer's
testimony, and his cross-examination of the State's witnesses did not
produce any significant change in their testimony.

 Viewing the evidence in the light most favorable to the trial court's
judgment, any rational trier of fact could have found beyond a
reasonable doubt that appellant had care, custody, control, or
management of the cocaine. Further, viewing all of the evidence, the
judgment is not so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. We conclude the evidence is legally
and factually sufficient to support the conviction. Appellant's second
issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 31st day of August, 2000.


 

1. See Tex. Health & Safety Code Ann. § 481.115 (Vernon Supp.
2000).