NUMBER 13-00-238-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


JERMAINE BOOKER , Appellant,


v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 23rd District Court

of Wharton County, Texas.

__________________________________________________________________


O P I N I O N


Before Justices Dorsey, Yañez, and Rodriguez

Opinion by Justice Rodriguez


Appellant, Jermaine Booker (Booker), brings this appeal following a conviction for possession and delivery of a controlled
substance. By three points of error, Booker generally contends the trial court erred by admitting evidence of extraneous
cocaine during the guilt phase of the trial, and evidence of an extraneous offense during the punishment phase of the trial. 
We affirm.

Matagorda County Deputy Sheriff Richard Morales (Morales) arranged a meeting with Booker for a narcotics purchase at a
Texaco station. Prior to the meeting, Morales met with other officers, including Sergeants Crow, Galvan, Galloway, and
Stanphill, to plan a strategy for the drug purchase. Morales and Crow traveled in an undercover vehicle to the Texaco
station and the other officers traveled in a separate vehicle to maintain surveillance. Booker, accompanied by Rube Davis
(Davis) and two small children, arrived at the Texaco station in a vehicle owned by Davis. Booker exited his vehicle and
entered Morales and Crow's vehicle. Morales told Booker that he wanted cocaine and that he had $400.00 to pay for it. 
Booker produced the cocaine and placed it on the back seat of the vehicle. Crow exited the vehicle and indicated to the
other officers that the drug transaction was completed. Booker climbed out of the vehicle and began running. As he ran,
Booker was observed throwing cocaine and money on the ground. Once Booker was apprehended, the officers searched
Davis's vehicle and found cocaine in a child's backpack located in the back seat. Booker was charged only with possession
and delivery of the cocaine he sold in the vehicle and the cocaine he threw on the ground. (1)

Prior to trial, Booker filed a request for notice pursuant to rules 404(b) and 609 of the Texas Rules of Evidence and article
37.07 of the Texas Code of Criminal Procedure. The State responded by filing a notice of its intention to introduce
evidence of other crimes, wrongs, or acts during punishment. During trial, the State introduced into evidence the backpack
and the cocaine that was found inside the backpack. Booker objected that the cocaine found in the backpack was not
included in the State's notice.

In his three points of error, Booker contends the trial court erred in admitting extraneous cocaine into evidence. We find it
unnecessary to reach Booker's arguments because error, if any, was waived. 

To preserve error for review, a timely and specific objection must be made and followed by an adverse ruling. See Tex. R.
App. P. 33.1; Hitt v. State, 53 S.W.3d 697, 707 (Tex. App.-Austin 2001, no pet.). A party must object every time allegedly
inadmissible evidence is offered. See Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); Hudson v. State,
675 S.W.2d 507, 511 (Tex. Crim. App. 1984);Scaggs v. State, 18 S.W.3d 277, 291 (Tex. App.-Austin 2000, pet. ref'd). 
Two exceptions to this "contemporaneous objection" rule are (1) a running objection, or (2) lodging an objection to all
evidence that is deemed objectionable on a given subject at one time out of the jury's presence. See Ethington, 819 S.W.2d
at 858-59. Here, Booker did both; however, the objections were made after the following testimony of deputy Morales was
heard by the jury without objection:

Q: All right. Did Sergeant Galloway make you aware of anything that he had located?


 Yes, sir.


 


 And what did he make you aware of?


 


 Crack cocaine in a child's backpack?


Q: And is that the same cocaine that in fact was previously marked and entered- - or not entered but discussed as State's
Exhibit 13?


A: Yes, sir, it is.




 And you say it was located in a child's backpack?


 


 Yes, sir.


 


 How do you know it was a child's backpack?


 


 Well, it had a picture of Tweety Bird on it; and most children have that type of backpack.


 


 And what else was in the backpack besides the cocaine?


 


 There was clothing, children's clothing, child's medicine.


 


 Any toys, anything of that nature?


 


 Yes, sir, a couple of toys. That's all.


 


 So, you're assuming that to be a child's backpack from the other items in the backpack?


 


 Yes, sir.


Although Booker had made contemporaneous objections during the State's opening statement and at the beginning of
Morales's testimony, the failure to object to this subsequent testimony waived error. See Beheler v. State, 3 S.W.3d 182,
187 (Tex. App.-Austin 1999, pet. ref'd) (although appellant made a timely objection to State's question, error was not
preserved because appellant did not continue to object when the same evidence was elicited by additional questioning). It
is a settled rule that any error in admission of evidence is cured by admission of the same evidence elsewhere without
objection. See, e.g., Willis v. State, 785 S.W.2d 378, 383 (Tex. Crim. App. 1989); Hudson, 675 S.W.2d at 511; see also
Marini v. State, 593 S.W.2d 709, 714 (Tex. Crim. App. 1980) (defendant waived error in admission of LSD tablets and
marijuana by failing to object to testimony of officer with regard to finding those drugs); Thomas v. State, 884 S.W.2d 215,
216-17 (Tex. App.-El Paso 1994, pet. ref'd) (error waived when defendant urged motion to suppress at time evidence was
offered but did not object to previous testimony of officers regarding search of defendant and cocaine found in his pocket);
Turner v. State, 642 S.W.2d 216, 217 (Tex. App.-Houston [14th Dist.] 1982, pet. ref'd) (defendant's complaint with regard
to admission of exhibits seized after search incident to arrest waived for failure to object to preceding testimony of officer
regarding arrest and items found in search). Because Booker failed to timely object at trial error, if any, has been waived,
and there is nothing presented on appeal. We overrule points one, two, and three.

Accordingly, we affirm the trial court's judgment. 

 

NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 21st day of February, 2002.

 

1. The State charged Booker with possession of 4 or more grams but less than 200 grams of cocaine.