Affirmed and Memorandum Opinion filed December 23, 2004









Affirmed and Memorandum Opinion
filed December 23, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01275-CR

____________

 

JOSEPH ANDERSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

__________________________________________________

 

On Appeal from the 176th District Court

Harris County, Texas

Trial Court Cause No. 920,966

__________________________________________________

 

M E M OR A N D U M   O P I N I O N








Appellant Joseph Anderson was
charged, as a repeat offender, with the felony offense of possession with
intent to deliver a controlled substance, cocaine, weighing more than one gram
and less than four grams.  A jury found
him guilty of the lesser included offense of possession of a controlled
substance weighing more than one and less than four grams.  After finding the two enhancement allegations
in the indictment true, the jury assessed punishment at twenty-five years=
confinement in the Texas Department of Criminal Justice, Institutional
Division, and the trial court sentenced him in accordance with the jury=s
assessment.  In three issues, appellant
challenges the trial court=s denial
of his motion to suppress evidence.  We
affirm.

Factual and Procedural Background

Deputy C.E. Markcray, of the
Harris County Constable=s Office
Precinct 3, was on patrol in a marked vehicle when he observed a Jeep with only
one a driver in it come to a complete stop in a moving lane of traffic.  Markcray then observed appellant ride his
bicycle toward the Jeep, stop at the passenger=s side of
the Jeep, lean into the window, and talk to the driver.  Markcray activated the lights on his vehicle
and pulled behind the Jeep to make a traffic stop.  As Markcray was getting out of his vehicle,
appellant tried to back up from the Jeep, and Markcray ordered him to
stop.  After Markcray spoke with the
driver of the Jeep, he walked over to appellant, who had one hand behind his
back.  Because the area was known for
drug transactions, Markcray asked appellant what he had behind his back.  Markcray then did a quick patdown and could
see appellant had a paper towel in his hand. 
When Markcray asked appellant what was in the paper towel, appellant
replied, AJust my bugars,@ and
acted as if he were wiping his nose. 
Markcray then said, AI=m from
Missouri, the show me state.@  Appellant hesitated, then opened the paper
towel, and Markcray saw what he believed, based on his knowledge and
experience, to be crack cocaine. 
Markcray placed appellant under arrest and field-tested the
substance.  The test was positive for
cocaine.  The cocaine weighed 2.69 grams.








Appellant filed a motion to
suppress Aall physical and other evidence@ obtained
as a result of an allegedly illegal stop and search.  Appellant stated that a pretrial hearing
outside the presence of the jury was necessary because of the purely legal
nature of the issues and Ato avoid
any unwarranted prejudice that would occur if any mention of the illegally
seized items was made before the jury that will try the case.@  Appellant, however, did not obtain a
hearing.  At trial, Markcray testified
without objection to finding, seizing, and testing the cocaine; and the
forensic chemist testified without objection to testing and weighing the
cocaine.[1]  Both witnesses were shown State=s Exhibit
1, the cocaine, and they identified it in the presence of the jury.

When the State offered Exhibit 1
at the close of its case, appellant requested to make an argument outside the
jury=s presence.  Appellant argued his motion to suppress, and
the trial court denied the motion and admitted State=s Exhibit
1 into evidence.  The State rested.

Appellant testified as the only
witness in his defense.  He denied
Mackcray=s version
of events after the stop, stating that the driver threw the paper towel out and
Mackcray picked it up from the ground.

Discussion

In three issues appellant
contends the trial court erred in denying his motion to suppress because the
evidence was obtained in violation of his rights (1) under the Fourth Amendment
to the United States Constitution, (2) Article I, section 9 of the Texas Constitution,
and (3) Texas Code of Criminal Procedure Article 38.23.  We conclude appellant has not preserved his
complaints for appellate review.

To preserve a complaint for
appellate review, the record must show (1) the appellant made the complaint to
the trial court by a timely request, objection, or motion stating the grounds
for the ruling sought with sufficient specificity to make the trial court aware
of the complaint and (2) the trial court ruled on the request, objection, or
motion.  Tex. R. App. P. 33.1(a); see Garza v. State, 126
S.W.3d 79, 84B85 (Tex. Crim. App. 2004).  Generally, a pretrial motion to suppress
evidence which has been overruled will preserve error as to that evidence.  Moraguez v. State, 701 S.W.2d 902, 904
(Tex. Crim. App. 1986).








If the trial court does not hold
a pretrial hearing on a motion to suppress evidence, the defendant must timely
object to that evidence at trial to preserve error; the mere filing of the
motion is not sufficient.  Calloway v.
State, 743 S.W.2d 645, 649B50 (Tex.
Crim. App. 1988); Ross v. State, 678 S.W.2d 491, 493 (Tex. Crim. App.
1984); Thomas v. State, 884 S.W.2d 215, 216 (Tex. App.CEl Paso
1994, pet. ref=d).  In Garza v. State, however, the Court
of Criminal Appeals carved a narrow exception to this rule.  126 S.W.3d at 84B85.  The court held a defendant preserved error
when specific pre-trial comments made by the judge essentially directed the
defendant to wait until all evidence was presented before he obtained any
ruling from the judge, and it was clear from these comments that any additional
attempt to object or to obtain a ruling during the testimony of the officers
would have been futile.  126 S.W.3d at
84.  The Garza court specifically
stated its holding was Anot meant
to apply in situations outside the special circumstances@ of the
case before the court.  Id. at 85.

Other than a brief statement in
the suppression motion that a pre-trial hearing was Anecessary,@ the
record is devoid of any indication appellant requested a pre-trial
hearing.  The record also contains no
indication the trial court refused to hold one. 
The present case is therefore distinguishable from Garza, and
appellant was required to make a timely objection in the trial court.

To be timely, an objection must
be made as soon as the ground for complaint is apparent or should be apparent.  Aguilar v. State, 26 S.W.3d 901, 905 (Tex.
Crim. App. 2000).  AIt is
fundamental that a specific objection to inadmissible evidence be urged at the
first opportunity in order to be considered timely.@  Id. at 905B06.  An objection or motion to suppress is not
timely if it is made after the evidence or testimony relating to it is admitted
without objection.  See Marini v.
State, 593 S.W.2d 709, 714 (Tex. Crim. App. [Panel Op.] 1980); Thomas,
884 S.W.2d at 216B17; Turner
v. State, 642 S.W.2d 216, 217 (Tex. App.CHouston
[14th Dist.] 1982, no pet.).








By the time appellant urged his
motion to suppress, Markcray had testified without objection to finding,
seizing, and testing the cocaine; the forensic chemist had testified without
objection to testing and weighing the cocaine, and both witnesses had
identified the cocaine in the presence of the jury.  Because appellant failed to object at the
earliest possible time, he waived any error. 
Turner, 642 S.W.2d at 217.

We overrule appellant=s three
issues and affirm the judgment of the trial court.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed December 23, 2004.

Panel consists of Justices Yates, Edelman, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  When the State
asked Markcray whether the substance was called a Acrack cookie@ and
whether squares are cut from it, defense counsel objected on the ground
Markcray had not been qualified.  The
trial court sustained the objection.