Affirmed and Opinion filed January 24, 2006









Affirmed
and Opinion filed January 24, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00127-CR

____________

 

JOHN E. BIRDWELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause No. 959,972

 



 

O P I N I O N

Appellant John E. Birdwell brings this
appeal after a jury found him guilty of possession with intent to deliver a
controlled substance.  After appellant pled
true to an enhancement paragraph, the trial judge sentenced appellant to
fifteen years= incarceration, in accordance with a plea
agreement.  In two points of error,
appellant argues that the trial court erred by (1) denying appellant=s motion to
suppress and (2) denying appellant=s requested jury
charge.  We affirm.

Background

On August 28, 2003, Houston police officer
Mark Boyle and his partner William Davis arrested appellant for possession of a
controlled substance with intent to distribute. 
At the suppression hearing and at trial, Boyle testified that he had
learned from a confidential informant that appellant intended to sell cocaine
at a local delicatessen.  The informant
told Boyle the scheduled time and place of the transaction and also provided
the make, model, and license plate number of appellant=s car.  At trial, appellant testified that although
he had agreed to sell cocaine to an acquaintance, he had filled a sock with
flour and drywall to resemble a bag of cocaine.

At the suppression hearing, Boyle
testified that he first noticed appellant when appellant was walking across the
delicatessen=s parking lot.  Boyle followed appellant inside and saw
appellant enter the restroom.  Shortly
thereafter, appellant left the restroom, glanced around, and went to sit at a
table outside.  Boyle returned to his car
and continued to observe appellant. 
According to Boyle, appellant was talking on his cell phone and glancing
around is if he were waiting for someone. 
After about ten minutes, appellant began to walk toward a car that
matched the informant=s description.

By this time, Davis had also arrived, and
he and Boyle called for appellant to stop. 
However, Boyle testified that appellant hurriedly climbed inside his car
and appeared to be reaching for an object at his waist.  According to Boyle, appellant continued to
reach toward his waist even after the officers ordered him to put his hands up.  The officers approached appellant=s car with their
guns drawn, and Davis eventually handcuffed appellant on the ground.  

When Boyle performed a pat-down search, he
felt a large object in appellant=s pants.  The object was a sock stuffed with a
substance that chemical analysis later confirmed to be marijuana and over
thirty grams of cocaine.  However, at the
time of his arrest and at trial, appellant insisted that the substance was merely
flour and drywall.  After appellant=s arrest, officers
searched the house where he had been staying, but they found no evidence of
cocaine.








Motion to Suppress

In his first point of error, appellant
argues that the trial court erred by denying his trial motion to suppress the
cocaine recovered from the sock. 
Appellant alleges that the officers obtained the cocaine in violation of
his state and federal rights because (1) they lacked reasonable suspicion and
(2) the scope of the search was overly broad. 
However, appellant has failed to preserve these issues for appeal.

When, as here, there is no pre-trial
motion to suppress, an objection must be timely made at the first opportunity
in order to preserve error.  Marini v.
State, 593 S.W.2d 709, 714 (Tex. Crim. App. 1980); Turner v. State,
642 S.W.2d 216, 217 (Tex. App.CHouston [14th
Dist.] 1982, no pet.).  Error is waived
when there is no objection regarding the testimony preceding the admission of the
objected-to exhibit.  Marini, 593
S.W.2d at 714; Turner, 642 S.W.2d at 217.  At appellant=s trial, defense
counsel objected to the admission of the cocaine only after officers Boyle and
Davis had testified about the circumstances of appellant=s arrest,
including finding a sock filled with cocaine. 
Both officers also opined that the cocaine was not intended for personal
use because it was too large a quantity and was contained in one solid rock as
opposed to individual plastic bags. 
Defense counsel also failed to object before criminologist Kerry Adams
identified the substance as cocaine and testified about how much it weighed.  Accordingly, appellant=s objection was
untimely and failed to preserve anything for appeal.  See Marini, 593 S.W.2d at 714 (holding
that appellant failed to preserve error by objecting to admission of narcotics
when there was no objection to the officer=s testimony about
finding the contraband); Turner, 642 S.W.2d at 217 (holding that
appellant=s objection to five exhibits admitted
during detective=s testimony presented nothing for appeal
because detective had already testified extensively about the objected-to
items).  We overrule appellant=s first point of
error.

Jury Instruction








In his second point of error, appellant
argues that the trial court erred by denying his request for a jury instruction
under article 38.23 of the Texas Code of Criminal Procedure.  An instruction under article 38.23 is
appropriate when there are disputed issues of fact affecting the legality of
the seizure.  Atkinson v. State,
923 S.W.2d 21, 23 (Tex. Crim. App. 1996). 
In such a case, the judge must instruct the jury that if it Abelieves, or has a
reasonable doubt, that the evidence was obtained in violation of . . . any
provisions of the Constitution or laws of the State of Texas, or any provisions
of the Constitution or laws of the United States of America, . . . then and in
such event, the jury shall disregard any such evidence so obtained.@  Tex.
Code Crim. Proc. Ann. art. 38.23 (Vernon 2005); Reynolds v. State,
848 S.W.2d 148, 149 (Tex. Crim. App. 1993).

In appellant=s case, defense
counsel requested an instruction under article 38.23 on grounds that a fact
dispute existed Awith regard to whether or not the officers
had specific articulable facts to justify detention of Mr. Birdwell.@  When prompted by the judge, defense counsel
explained that Athere is a fact dispute as to whether or
not the car and the license plate played any role in the officers= determination
that this was, in fact, the suspect that they were looking for.@  On appeal, however, appellant asserts that
fact issues exist regarding: (1) the truthfulness of Officer Boyle and the
existence of the narcotic; (2) the credibility and motivation of the informant;
(3) whether appellant was inside or outside of the car when the officers
approached; and (4) whether appellant was reaching for a weapon.  Appellant cannot raise new grounds for the
objection for the first time on appeal.  See
Tex. R. App. P. 33.1(a)(1)(A)
(stating that objection must state grounds for the desired ruling with
sufficient specificity to make trial court aware of the complaint to preserve
the issue for appeal); Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim.
App. 1995) (stating that appellant=s points of error
must correspond to objections made at trial). 
Because appellant fails to explain how these new grounds pertain to his
original objection, we find that appellant has failed to preserve error.  We overrule appellant=s second point of
error and affirm his conviction.

 

 

/s/      Adele Hedges

Chief Justice

Judgment
rendered and Opinion filed January 24, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).