Opinion issued April 14, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01049-CR

———————————

Jorge Alfredo Zamora, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 179th District Court

Harris County, Texas



Trial Court Case No. 1161324

 



 

MEMORANDUM OPINION

          A
jury convicted appellant, Jorge Alfredo Zamora, of the offense of unlawful
possession of a firearm by a felon.[1]  After appellant pleaded true to the allegations
in two enhancement paragraphs, the jury assessed punishment at thirty-five
years’ confinement.  In two issues on
appeal, appellant contends that (1) his trial counsel rendered ineffective
assistance by failing to move to suppress the weapon discovered during an
allegedly illegal pat down search, and (2) the trial court erroneously admitted
into evidence the marijuana found on appellant during the pat down search.

          We
affirm.

Background

          On
April 6, 2008, Pasadena Police Department Officer J. Anderson was on his
routine night-shift patrol on the Beltway 8 frontage road, a common area for
alcohol-related traffic stops and accidents, when he noticed a car in front of
him swerving between the lanes.  He
observed the car continue to swerve between the lanes for approximately a
quarter of a mile before the driver turned off of the frontage road without
using a turn signal.  Officer Anderson
pulled the car over, and both vehicles stopped in a parking lot.  As he walked to the car, Officer Anderson
noticed three people sitting inside, so he asked the driver to step out of the
car “for [Anderson’s] safety.”  Although
Officer Anderson did not detect the smell of alcohol on the driver’s breath, he
did smell “the distinct odor of burnt marijuana on [the driver’s] person.”  Officer Anderson testified that when he
smells marijuana on a vehicle’s occupant, that smell “[g]ives [him] a pretty
good clue that there’s something going on inside that vehicle that either the
driver or the participants are taking part in.”

          Officer
Anderson called for additional units to assist with the other two occupants of
the car, who included appellant.  Once
the additional officers arrived, Officer Anderson asked the passengers to step
out of the car and sit on the ground next to it.  He testified that, in this situation, he
usually separates the occupants of the vehicle to determine the source of the
marijuana odor and to “make sure there is nothing on them that’s going to hurt
[the officers.]”  As he was securing
another occupant of the car, he heard Officer J. Ramirez, who was conducting
appellant’s pat down search, say “gun.”  Officer
Anderson walked over to assist Ramirez in appellant’s pat down.  During the search, Officer Anderson felt a
bulge in appellant’s right front pocket, and the officers removed a loaded
revolver.  Officer Anderson testified on
two separate occasions during the trial that he continued the pat down search
after finding the weapon, and, although he did not discover any more weapons,
he did discover a small baggie of marijuana in appellant’s left front
pocket.  Defense counsel did not object
to this testimony.

During the direct examination of
Officer Anderson, the prosecutor stated her intention to introduce the
marijuana found in appellant’s pocket into evidence.  Defense counsel objected on relevancy grounds
and argued that the marijuana was not material to any issue in the case and
would only “inflame and prejudice the jury” against appellant.  The trial court overruled the objection and
admitted the marijuana during the direct examination of Sebastian Frommhold, a
forensic chemist with the Pasadena Police Department.

          Officer
Ramirez testified that, during her regular patrol, she received a call to
assist Officer Anderson in a traffic stop. 
When she arrived, all of the occupants were sitting on the ground outside
of the car.  Officer Ramirez testified
that, because of safety reasons, she pats down everyone before placing them in
the back of her patrol car.  She further testified
that, as she was patting appellant down, she felt a bulge in his right front
pocket, and, after she squeezed the item in his pocket, she believed that it
“had the consistencies of a gun.”  She
called out that appellant had a gun, and Officer Anderson came over to assist
with the pat down.  Officer Ramirez
testified that she removed the weapon from appellant’s pocket and immediately handed
it to Officer Anderson.  Defense counsel
did not move to suppress the weapon found in appellant’s pocket.

          At
trial, appellant stipulated that he had been previously convicted of the felony
offense of unauthorized use of a motor vehicle in 2001.  After the jury found appellant guilty of the
present offense, appellant pleaded true to the allegations in two enhancement
paragraphs, and the jury assessed punishment at thirty-five years’ confinement.  Appellant did not move for a new trial.

 

Ineffective Assistance of Counsel

          In
his first issue, appellant contends that his trial counsel rendered ineffective
assistance by failing to move to suppress the weapon discovered on appellant during
the allegedly illegal pat down search.

          To
prevail on an ineffective assistance of counsel claim, the appellant must
demonstrate, by a preponderance of the evidence, that (1) his trial counsel’s
performance was deficient and (2) a reasonable probability exists that, but for
the deficiency, the result of the proceeding would have been different.  Strickland
v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984).  The appellant must first show that his
counsel’s performance fell below an objective standard of reasonableness, which
does not require showing that counsel’s representation was without error.  Robertson
v. State, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  The second prong of Strickland requires the appellant to demonstrate prejudice—a reasonable probability that, but for his
counsel’s unprofessional errors, the result of the proceeding would have been
different.  Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Thompson, 9 S.W.3d at 812.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Strickland,
466 U.S. at 694, 104 S. Ct. at 2068.  We
indulge a strong presumption that counsel’s conduct fell within the wide range
of reasonable professional assistance, and therefore the appellant must
overcome the presumption that the challenged action constituted “sound trial
strategy.”  Id. at 689, 104 S. Ct. at 2065; Williams
v. State, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

          Our
review is highly deferential to counsel, and we do not speculate regarding
counsel’s trial strategy.  Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002).  To prevail, the
appellant must provide an appellate record that affirmatively demonstrates that
counsel’s performance was not based on sound strategy.  Mallett
v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); see Thompson, 9 S.W.3d at 813 (holding that record must
affirmatively demonstrate alleged ineffectiveness).  If the record is silent regarding the reasons
for counsel’s conduct—as it
usually is on direct appeal—then the
record is insufficient to overcome the presumption that counsel followed a legitimate
trial strategy.  Tong v. State, 25 S.W.3d 707, 714 (Tex. Crim. App. 2000); Thompson, 9 S.W.3d at 813–14; see also Garcia v. State, 57 S.W.3d 436,
440 (Tex. Crim. App. 2001) (“[I]n the absence of evidence of counsel’s reasons
for the challenged conduct, an appellate court . . . will
not conclude the challenged conduct constituted deficient performance unless
the conduct was so outrageous that no competent attorney would have engaged in
it.”).

          Trial
counsel’s failure to file a motion to suppress evidence is not per se
ineffective assistance of counsel.  Kimmelman v. Morrison, 477 U.S. 365,
384, 106 S. Ct. 2574, 2587 (1986). 
“Counsel is not required to engage in the filing of futile
motions.”  Hollis v. State, 219 S.W.3d 446, 456 (Tex. App.—Austin 2007, no
pet.) (citing Mooney v. State, 817
S.W.2d 693, 698 (Tex. Crim. App. 1991)). 
Rather, to prevail on an ineffective assistance claim based on counsel’s
failure to file a motion to suppress, “an appellant must show by a
preponderance of the evidence that the result of the proceeding would have been
different—i.e., that the motion to
suppress would have been granted and that the remaining evidence would have
been insufficient to support his conviction.” 
Id. (citing Jackson v. State, 973 S.W.2d 954, 956–57
(Tex. Crim. App. 1998)).  To meet this
burden, the appellant must produce evidence that defeats the presumption of
proper police conduct.  Id. (citing Jackson, 973 S.W.2d at 957). 
The appellant must therefore develop facts and details of the search
sufficient to conclude that the search is invalid.  Id.
(citing Jackson, 973 S.W.2d at 957).  Simply contending that there “may be
questions about the validity of the search is not enough” to support an
ineffective assistance claim based on counsel’s failure to move to suppress
evidence.  Jackson, 973 S.W.2d at 957.

          A
police officer has the right to briefly detain and investigate a person when
the officer has a reasonable suspicion that the person is involved in criminal
activity.  State v. Sheppard, 271 S.W.3d 281, 287 (Tex. Crim. App. 2008)
(citing Terry v. Ohio, 392 U.S. 1,
21, 88 S. Ct. 1868, 1880 (1968)).  If the
officer has a reasonable belief that the person is armed and dangerous, the
officer may conduct a pat down search to determine whether the person is
carrying a weapon.  Id. (citing Terry, 392
U.S. at 27–28, 88 S. Ct. at 1883); State
v. Castleberry, No. PD-0354-10, 2011 WL 709697, at *5 (Tex. Crim. App. Mar.
2, 2011); O’Hara v. State, 27 S.W.3d
548, 550 (Tex. Crim. App. 2000); Carmouche
v. State, 10 S.W.3d 323, 329 (Tex. Crim. App. 2000).  “It would be unreasonable to deny a police
officer the right to neutralize the threat of physical harm.”  O’Hara,
27 S.W.3d at 550.  The scope of this
search is limited, and its purpose is “not to discover evidence of a crime, but
to allow the peace officer to pursue investigation without fear of
violence.”  Carmouche, 10 S.W.3d at 329 (quoting Wood v. State, 515 S.W.2d 300, 306 (Tex. Crim. App. 1974)).

          Before
conducting a valid pat down search, the police officer need only be able to
“point to specific and articulable facts, which, taken together with rational
inferences from those facts, reasonably warrant [the] intrusion.”  O’Hara,
27 S.W.3d at 550–51 (quoting Terry,
392 U.S. at 21, 88 S. Ct. at 1880); Carmouche,
10 S.W.3d at 329.  The determination of
whether a Fourth Amendment violation occurred in conjunction with a pat down
search “turns on an objective assessment of the officer’s actions in light of
the facts and circumstances confronting him at the time, and not on the
officer’s actual state of mind at the time the challenged action was
taken.”  O’Hara, 27 S.W.3d at 551 (quoting Maryland v. Macon, 472 U.S. 463, 470–71, 105 S. Ct. 2778, 2783
(1985)).  The officer need not be
absolutely certain that the individual is armed before conducting a pat
down.  Id.  The relevant issue is
whether a reasonably prudent person would justifiably believe that his safety
or the safety of others was in danger.  Id. (citing Terry, 392 U.S. at 27, 88 S. Ct. at 1883); see also Castleberry, 2011 WL 709697, at *7 (holding same).

          Roadside
encounters between police and suspects are “especially hazardous.”  Michigan
v. Long, 463 U.S. 1032, 1049, 103 S. Ct. 3469, 3481 (1983); Carmouche, 10 S.W.3d at 330.  Furthermore, “a police officer’s reasonable
belief that a suspect is armed and dangerous may be predicated on the nature of
the suspected criminal activity.”  Carmouche, 10 S.W.3d at 330 (citing Terry, 392 U.S. at 27–28, 88 S. Ct. at 1883);
Sargent v. State, 56 S.W.3d 720,
725–26 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d).  It is well settled that weapons and violence
are frequently associated with drug activities and transactions.  See
Carmouche, 10 S.W.3d at 330; Martinez
v. State, 236 S.W.3d 361, 370 (Tex. App.—Fort Worth 2007, pet. ref’d,
untimely filed); see also Lemons v. State,
135 S.W.3d 878, 884 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (“We find
that the Terry stop and search were
proper.  [Officer] McGann testified that,
as a result of his experience and training, when he is involved in narcotics
situations, he conducts pat-downs to check for weapons because there is a greater
chance of weapons being present.”). 
Based on an officer’s knowledge of a person’s suspected drug activities,
an officer may reasonably believe that the person is armed and dangerous and,
therefore, may conduct a limited search for weapons.  Carmouche,
10 S.W.3d at 330; Sargent, 56 S.W.3d
at 726; see also Martinez, 236 S.W.3d
at 370 (“Thus, encountering one who is reasonably suspected of engaging in drug
activity can justify a brief and minimally intrusive frisk of his person.”).

          Appellant
contends that his pat down search was illegal because “there were no objective,
articulable facts to justify a protective search of [his] outer clothing.”  Appellant points out that neither Officer
Anderson nor Officer Ramirez testified that appellant made any furtive gestures
or attempted to flee the scene and that neither officer testified that he
observed any “suspicious bulge[s]” in appellant’s clothing before the
search.  Appellant also notes that,
although Officer Ramirez testified that she pats everyone down before placing
them in her vehicle, no evidence in the record demonstrates why she had a right
to place appellant in her vehicle. 
Appellant thus concludes that, had defense counsel moved to suppress the
weapon, the trial court would have granted the motion.

          Officer
Anderson testified that he observed the driver of the vehicle swerving between
lanes in an area known for alcohol-related traffic stops and accidents.  After he stopped the vehicle, following an
additional traffic violation, Officer Anderson spoke to the driver and smelled
“the distinct odor of burnt marijuana on his person.”  Two other individuals, including appellant,
were in the car, and Officer Anderson testified that smelling marijuana on
someone inside a vehicle “[g]ives [him] a pretty good clue that there’s
something going on inside that vehicle that either the driver or the participants
are taking part in.”  He further
testified that, in situations such as this one, in order to determine the
source of the odor, he prefers to separate the occupants to “make sure there is
nothing on them that’s going to hurt [the officers]” and to “get a straight
story out of somebody as to what’s going on.” 
Officer Anderson later testified on cross-examination that he “viewed
each person inside that vehicle as a potential threat to [his] officer
safety.”  Officer Ramirez testified that
she always conducts a pat down before she puts someone in her vehicle for
“safety reasons” and as “part of [her] training.”

          If an
officer conducts a pat down search solely as a matter of routine, this fact, standing
alone, is insufficient to justify the search. 
O’Hara, 27 S.W.3d at 553–54.  The Court of Criminal Appeals noted, however,
that, even if an officer erroneously conducts a pat down search as a matter of
routine, the objective facts of the case may “nevertheless justify the pat
down.”  Id.  Although Officer Ramirez
testified that she pats everyone down before placing them in her vehicle,
Officer Anderson also testified that he suspected that the occupants of the
vehicle were engaged in drug activity due to the driver’s erratic driving and
the “distinct odor” of burnt marijuana after the vehicle was stopped.  Given the close connection between drug
activity and violence, the trial court could have concluded that it was not
unreasonable for the officers in this case to conduct a limited search for
weapons.  See Carmouche, 10 S.W.3d at 330; Martinez, 236 S.W.3d at 370; Lemons,
135 S.W.3d at 884; Sargent, 56 S.W.3d
at 726.

          To
prevail on his ineffective assistance claim based on counsel’s failure to move
to suppress the weapon found during a pat down, appellant bears the “burden to
develop facts and details of the search sufficient to conclude that the search
was invalid.”  Jackson, 973 S.W.2d at 957. 
Appellant contends that the trial court would have granted a motion to
suppress in this case because neither officer affirmatively testified regarding
furtive gestures, visible suspicious bulges, or attempts to flee the scene by
appellant.  Here, however, there were
sufficient indicia of drug activity to justify the search for weapons.  Moreover, it was appellant’s burden to elicit
testimony to establish the invalidity of the search.  See id.  He did not do so.  Mere questions about the validity of the
search are not sufficient to support an ineffective assistance claim.  Id.  We therefore conclude that, based upon this
record, appellant has not established by a preponderance of the evidence that
the trial court would have granted a motion to suppress the weapon.  We hold that appellant has not met his burden
under Strickland to establish that
his trial counsel rendered ineffective assistance.

          We
overrule appellant’s first issue.

Admission of Extraneous Offense Evidence

          In
his second issue, appellant contends that the trial court erred in admitting into
evidence the marijuana discovered during appellant’s pat down search because
the marijuana was impermissible character evidence that had no relevance to
whether appellant unlawfully possessed a firearm.  The State contends that appellant failed to
preserve this contention for appellate review because Officer Anderson twice
testified regarding his discovery of marijuana during the pat down search without
objection from defense counsel before the State offered the marijuana for
admission into evidence.  We agree with
the State.

          To
preserve a complaint for appellate review, the appellant must make a timely
request, objection, or motion that states the grounds for the ruling sought
from the trial court with sufficient specificity to make the trial court aware
of the complaint.  Tex. R. App. P. 33.1(a)(1)(A).  To be “timely,” the complaint must be made
“as soon as the ground for complaint is apparent or should be apparent.”  Aguilar
v. State, 26 S.W.3d 901, 905 (Tex. Crim. App. 2000).  A specific objection to inadmissible evidence
must be urged at the first opportunity.  Id. at 905–06.  Texas courts have repeatedly held that an
objection to the introduction of physical evidence made after the witness
testifies without defense objection regarding the evidence preserves no error
for appellate review.  See Marini v. State, 593 S.W.2d 709, 714
(Tex. Crim. App. 1980) (“Assuming there was some objection to [LSD tablets and
marijuana] when offered, there was no objection to Officer Frazier’s testimony
about finding the narcotics.  An
objection must be urged at the earliest opportunity.  Nothing is presented for review.”); Ratliff v. State, 320 S.W.3d 857, 862 (Tex.
App.—Fort Worth 2010, pet. ref’d) (“[A]ppellant’s failure to object at the time
Detective Luecke specifically described the physical evidence and explained how
he found that evidence forfeited any error associated with his objection to the
State’s later introduction of the evidence.”); see also Thomas v. State, 884 S.W.2d 215, 216–17 (Tex. App.—El Paso
1994, pet. ref’d) (holding same when defendant objected to introduction of
syringe with cocaine residue but did not object to earlier testimony regarding
discovery of syringe); Turner v. State,
642 S.W.2d 216, 217 (Tex. App.—Houston [14th Dist.] 1982, no pet.) (“Error has
also been held waived in situations, such as here, where there was no objection
regarding the testimony preceding the
admission of the exhibits.”) (emphasis in original).

          Here,
Officer Anderson testified on direct-examination that, after he secured the
weapon found on appellant, he “[f]inished the pat down of [appellant] to make
sure there [were] no other weapons on his person and [he] located a small
baggie of what [he] found out to be marijuana inside [appellant’s] left-hand
pocket.”  Defense counsel did not object
to this testimony.  After defense counsel
questioned Officer Anderson on voir dire regarding the chain of custody for the
weapon and the trial court admitted it as an exhibit, the State asked Anderson whether
he conducted any further investigation after finding the weapon.  Officer Anderson responded that he continued
the pat down search, which “revealed a small clear plastic baggie with
marijuana inside it [in appellant’s] front left-hand pocket.”  Once again, defense counsel did not object to
this testimony.  Defense counsel did not
object until the prosecutor informed the trial court, at the end of Officer
Anderson’s direct examination, of her intention to offer the marijuana into
evidence.  At this point, defense counsel
objected on relevancy grounds and argued that admission of the marijuana itself
would “inflame and prejudice” the jury.

          We
conclude that, because defense counsel failed to object to Officer Anderson’s
testimony regarding his discovery of marijuana during appellant’s pat down
search, appellant waived any error associated with the later admission of the
marijuana into evidence.  See Tex.
R. App. P. 33.1(a)(1)(A); Marini,
593 S.W.2d at 714; Ratliff, 320
S.W.3d at 862.

          We
overrule appellant’s second issue.




 

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.

Do
Not Publish.  Tex. R. App. P. 47.2(b).











[1]
          See Tex. Penal Code Ann.
§ 46.04(a)(2) (Vernon Supp. 2010).