

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00439-CR
No. 02-18-00440-CR

_____

JUAN MANUEL HERRERA, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court Nos. 1510492D, 1559977R

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Juan Manuel Herrera appeals from his convictions for the continuous sexual abuse of Julia, a child younger than fourteen, and for the sexual assault of Megan, a child younger than seventeen.[1]  *See* Tex. Penal Code Ann. §§ 21.02(b), 22.011(a)(2), (c).  He argues in three appellate issues that the trial court abused its discretion by admitting a DNA summary report, which identified him as the biological father of Megan's child, because it was inadmissible hearsay, was irrelevant, and denied him the right to confront the analyst who performed the DNA test.  We conclude that Herrera failed to preserve any of his arguments for our review.  Accordingly, we affirm the trial court's judgments.[2]

## II. BACKGROUND

Herrera does not challenge the sufficiency of the evidence to convict him of either offense.  It is enough to say that Herrera repeatedly sexually abused and

---

[1]We use aliases to refer to these minors.  *See* Tex. R. App. P. 9.8 cmt., 9.10; Tex. App. (Fort Worth) Loc. R. 7.

[2]Because the report was introduced as part of the State's sexual-assault case and not the State's continuous-sexual-abuse case, it appears Herrera raises no challenge to his conviction for continuous sexual abuse.  Because his notice of appeal challenged both convictions, we affirm the continuous-sexual-abuse conviction even though it is not specifically challenged in Herrera's appellate brief.  *See Ingram v. State*, 503 S.W.3d 745, 747 (Tex. App.—Fort Worth 2016, pet. ref'd).

assaulted Megan and Julia, who were his live-in girlfriend's daughters. Megan eventually gave birth to Herrera's child.

During the ensuing police investigation, a detective obtained DNA samples from Megan, the baby, and Herrera. At trial, the State proffered a "supplemental data table," prepared by forensic analyst Rachel Burch. Burch explained how DNA data is extracted from obtained samples and how she then can compare the DNA profiles based on the extracted data:

> So what we'll do is we will take . . . typically . . . a swab that somebody takes from the inside of a person's cheek. We'll take a cutting from that swab. We'll do something called an extraction. So what that's doing is it's opening up the cells that were on that swab and releasing the DNA. Then we do something called a quantification step, so it lets us know how much DNA we got from the extraction. Then we do an amplification step, which is that PCR step [i.e., polymerase chain reaction], which is going to make copies of the DNA in the areas that we're interested in. And then we load those copies onto an instrument that allows us to visualize what that DNA profile is.

Someone else at Burch's lab performed "the extraction, the quantification, the amplification, and the loading it on the instrument." Burch then took the "data" extracted by the instrument "to see if somebody could be the biological father of the child" and created the table to explain the DNA data compiled from the prior steps.[3]

---

[3]The State asserts in its brief that the table contains "the computer-generated DNA profiles" of Herrera, Megan, and the baby. This statement is not incorrect but needs refining. Burch created the table based on the computer-generated DNA data. The table is not the report generated by the instrument that compiled the DNA "numbers" from the samples. The table was a summary of those numbers based on Burch's analysis.

In other words, she took the data obtained after the extraction, quantification, amplification, and instrumentation steps; analyzed it; and created the table. Herrera objected to the admission of the table because it was "[h]earsay." The trial court overruled Herrera's objection and admitted the table. Herrera did not request a running objection.

Burch then referred to her table and testified that based on her comparisons of the DNA data, Herrera could not be excluded as being the baby's biological father and that 99.999999997% of the male population could be excluded. Herrera did not object to Burch's testimony about the table or to her analysis of the probabilities that Herrera was the baby's father. The jury found Herrera guilty of both offenses and assessed his punishments at life confinement.

## III. DISCUSSION

In his first issue, Herrera argues that the trial court's admission of Burch's summary data table was an abuse of discretion because it was "testimony against [him]" and, thus, was inadmissible hearsay. At trial, Herrera objected to the admission of Burch's table but did not object to Burch's subsequent testimony explaining the table and its connection to her paternity conclusions. By failing to object each time the objectionable evidence was offered or to request a running objection, Herrera forfeited any error arising from the admission of the table.[4] *See Lumsden v. State*,

---

[4]Although the State does not raise preservation regarding Herrera's hearsay argument, we have an independent duty to ensure we review only claims that have

564 S.W.3d 858, 888 (Tex. App.—Fort Worth 2018, pet. ref'd), *cert. denied*, 139 S. Ct. 2018 (2019); *see also Thomas v. State*, No. 05-16-01103-CR, 2018 WL 3654908, at *6 (Tex. App.—Dallas Aug. 2, 2018, pet. ref'd) (mem. op., not designated for publication); *Turner v. State*, 642 S.W.2d 216, 217 (Tex. App.—Houston [14th Dist.] 1982, no pet.). We overrule issue one.

In his remaining two issues, Herrera again challenges the trial court's admission of Burch's table but asserts that the admission was an abuse of discretion because the table was irrelevant and because he was not allowed to confront the person who performed the extraction, quantification, amplification, and instrumentation steps, violating the Confrontation Clause. At trial, Herrera's sole objection to the admission of the table was "[h]earsay." Because Herrera's relevance and Confrontation Clause appellate arguments do not comport with his hearsay trial objection, he has failed to preserve these issues for our review. *See* Tex. R. App. P. 33.1(a)(1)(A); Tex. R. Evid. 103(a)(1)(B); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *McMath v. State*, No. 05-17-00793-CR, 2018 WL 3491046, at *4 (Tex. App.—Dallas July 20, 2018, pet. ref'd) (mem. op., not designated for publication); *Smith v. State*, 494 S.W.3d 243, 254–55 (Tex. App.—Texarkana 2015, no pet.). We overrule issues two and three.

---

been properly preserved in the trial court. *See Darcy v. State*, 488 S.W.3d 325, 327–28 (Tex. Crim. App. 2016).

## IV. CONCLUSION

Herrera did not preserve his appellate issues for our review. Accordingly, we overrule his issues and affirm the trial court's judgments. *See* Tex. R. App. P. 43.2(a).

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 26, 2019