

# IN THE
# TENTH COURT OF APPEALS

No. 10-09-00328-CR

**CHANCE WADE ROSSER,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

From the County Court at Law No. 1
Johnson County, Texas
Trial Court No. M200801420

## MEMORANDUM OPINION

Chance Wade Rosser appeals his conviction for the Class B misdemeanor offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (West 2011). In his sole issue, Rosser contends that "the trial court erred in denying Defendant's motion to suppress because the search warrant for Defendant's blood was not issued by a neutral and detached magistrate." We will affirm.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the

desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2).

To preserve a complaint about the illegal seizure of evidence, a defendant must either file a motion to suppress and obtain a ruling on the motion or timely object when the State offers the evidence at trial. *See* TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a)(1); *Roberts v. State*, 545 S.W.2d 157, 158 (Tex. Crim. App. 1977); *Ratliff v. State*, 320 S.W.3d 857, 860-61 (Tex. App.—Fort Worth 2010, pet. ref'd); *Thomas v. State*, 884 S.W.2d 215, 216-17 (Tex. App.—El Paso 1994, pet. ref'd). If the defendant waits until the State offers the evidence at trial, the objection to the evidence must be made before a witness gives substantial testimony about it. *See Marini v. State*, 593 S.W.2d 709, 714 (Tex. Crim. App. [Panel Op.] 1980) (explaining that an objection to evidence "must be urged at the earliest opportunity"); *Ratliff*, 320 S.W.3d at 261; *Angelo v. State*, 977 S.W.2d 169, 177 (Tex. App.—Austin 1998, pet. dism'd w.o.j.) (op. on reh'g).

In this case, Rosser filed a Motion to Suppress, a Motion to Suppress Evidence Seized by Search Warrant, and a First Amended Motion to Suppress Evidence Seized by Search Warrant. But Rosser's contention on appeal was not the basis of any of these motions, nor was it mentioned during the suppression hearing. Furthermore, during trial, when the State offered evidence of the blood test, Rosser objected based on the objections/matters raised during the suppression hearing. He did not object to the evidence based on the contention he now urges on appeal.

Rosser v. State

The first time Rosser raised the contention he now urges on appeal was at the hearing on his motion for new trial. Rosser had filed a motion for new trial, stating only that (1) the trial court erred in denying his motion to suppress and (2) the verdict was contrary to the law and the evidence. At the hearing on the motion, Rosser then attempted to "reoffer all of the testimony, exhibits, objections, and arguments of Counsel from the Suppression Hearing." This was met with some resistance by the State, and the trial court denied the motion for new trial. Rosser then asked to make a "Bill of Exception." At that time, Rosser, for the first time, argued that the search warrant for his blood was not issued by a neutral and detached magistrate. At the close of his argument, he stated, "And that's all we ever wanted in this Motion for New Trial, to make sure that that was very, very clear that we're going after that ground, in addition to the other grounds that [Rosser's trial counsel] preserved for appellate review, Your Honor." The trial court replied, "Overruled."

This argument by Rosser was untimely. *See* TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a)(1); *Roberts*, 545 S.W.2d at 158; *Ratliff*, 320 S.W.3d at 860-61; *Thomas*, 884 S.W.2d at 216-17. Furthermore, he offered no legitimate reason to justify his delay in raising the complaint. *See Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997). We thus conclude that Rosser has failed to preserve his complaint for our review. *See Mayfield v. State*, 800 S.W.2d 932, 935-36 (Tex. App.—San Antonio 1990, no pet.). We overrule Rosser's sole issue and affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed September 28, 2011
Do not publish
[CR25]