IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,060-04






EX PARTE DAVID CLAYTON RATLIFF, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-08-0234 IN THE 43RD DISTRICT COURT


FROM PARKER COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to fifteen years' imprisonment. The Second Court of Appeals
affirmed his conviction. Ratliff v. State, 320 S.W.3d 857 (Tex. App.-Ft. Worth 2010). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance by not
speaking with him before the day of trial, by not timely investigating a possible witness, by failing
to convey a fourteen year plea offer from the State, and by having Applicant reveal his tattoos to the
jury panel. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant's trial counsel regarding Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall make specific findings as to whether counsel communicated with Applicant prior to
trial, whether a fourteen year offer was made by the State, and if so, whether that offer was conveyed
to Applicant. The trial court shall also determine whether counsel revealed Applicant's tattoos to
the jury panel, and if so, whether counsel had a valid strategic reason to do so and whether Applicant
was harmed by such action. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: November 9, 2011

Do not publish