# NO. 12-12-00233-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THOMAS CLARENCE SIMMONS,* *APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Thomas Clarence Simmons appeals his conviction for driving while intoxicated (DWI), third offense or more, for which he was sentenced to imprisonment for thirty-eight years and assessed a $2,500.00 fine. Appellant raises two issues on appeal. We affirm.

### BACKGROUND

On the afternoon of June 20, 2010, Palestine Police Department Officer Brandon Dobbs was dispatched to Loop 256 in Palestine to investigate the report that a tan Honda Accord was being driven erratically. Loop 256 is a four lane road that is highly traveled at 5:00 p.m. Officer Dobbs saw a tan Honda Accord, and observed that it failed to maintain its position in a single lane by swerving from the right lane to the left lane twice. There was traffic both in front of and behind the car, and its driver was creating a danger for the other motorists. Based on his observations, Officer Dobbs initiated a traffic stop. The driver of the vehicle was later identified as Appellant.

Upon making contact with Appellant, the officer smelled alcohol on Appellant's breath. Officer Dobbs initiated field sobriety tests, which led him to believe that Appellant was intoxicated. The officer placed Appellant under arrest, took him to the Anderson County Jail,

and had blood drawn due to Appellant's having at least two prior convictions for DWI.[1]  Lab tests later showed that he had a 0.25 blood alcohol concentration while operating the vehicle.

Appellant was charged by indictment for DWI.  The indictment included punishment enhancement paragraphs relating to Appellant's three previous DWI convictions and a conviction for possession of a firearm by a felon.  Appellant pleaded "not guilty," and the case proceeded to a jury trial.  Ultimately, the jury found Appellant guilty and also found that the enhancements were true.  Following a jury trial and a hearing on punishment, the trial court sentenced Appellant to imprisonment for thirty-eight years and fined him $2,500.00.  This appeal followed.

PROBABLE CAUSE FOR TRAFFIC STOP

In his first issue, Appellant contends that the trial court erred in failing to find insufficient probable cause for Officer Dobbs to initiate a traffic stop.  Thus, Appellant contends, the seizure of evidence showing that his blood alcohol concentration was over the allowable legal limit was an illegal seizure of evidence.

**Applicable Law**

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  TEX. R. APP. P. 33.1(a)(1); ***Ratliff v. State***, 320 S.W.3d 857, 860 (Tex. App.–Fort Worth 2010, pet. ref'd).  The trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal.  ***Ratliff***, 320 S.W.3d at 860. Preservation of error is a systematic requirement.  ***Id***.  To preserve an error about the illegal seizure of evidence, a defendant must either file a motion to suppress and obtain a ruling on the motion or timely object when the state offers the evidence at trial.  ***Id***.

When a police officer stops a defendant without a warrant and without the defendant's consent, the state has the burden of proving the reasonableness of the stop.  ***Ford v. State***, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  An officer conducts a lawful initiation of a traffic stop when he has a reasonable basis for suspecting that a person has committed a traffic offense.  *See*

---

[1] *See* TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011).

2

*Johnson v. State*, 365 S.W.3d 484, 488 (Tex. App.–Tyler 2012, no pet.). It is not necessary to show that the person detained actually violated a traffic regulation. *Id.* at 489. The Texas Transportation Code requires an operator on a roadway divided into two or more clearly marked lanes to (1) drive as nearly as practical entirely within a single lane; and (2) not move from the lane unless that movement can be made safely. TEX. TRANSP. CODE ANN. § 545.060(a) (West 2011).

The United State Supreme Court has held that a traffic stop will be deemed valid as long as a reasonable officer in the same circumstances could have stopped the car for the suspected offense. *State v. $5,500.00 in U.S. Currency*, 296 S.W.3d 696, 703 (Tex. App.–El Paso 2009, no pet.) (citing *Whren v. U.S.,* 517 U.S. 806, 809, 116 S. Ct. 1769, 1772, 135 L. Ed. 2d 89 (1996)). The reasonableness of a temporary detention must be examined in terms of the totality of the circumstances and will be justified when the detaining officer has specific articulable facts, which taken together with rational inferences from those facts, lead him to conclude that the person detained actually is, has been, or soon will be engaged in criminal activity. *Curtis v. State*, 238 S.W.3d 376, 380 (Tex. Crim. App. 2007). In assessing whether the intrusion was reasonable, an objective standard is utilized, determining whether the facts available to the officer at the moment of the seizure or search warrant a man of reasonable caution in the belief that the action taken was appropriate. *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997).

**Discussion**

In the instant case, Appellant did not file a motion to suppress evidence or make an objection to Officer Dobbs's testimony regarding the basis of the traffic stop. Therefore, we have nothing to review, and Appellant has waived this issue.

However, even if Appellant had filed a motion to suppress or timely objected to Officer Dobbs's testimony, he would not have prevailed on this issue. Officer Dobbs had been dispatched to the scene where Appellant was operating the vehicle in a reckless manner. Officer Dobbs testified that he saw Appellant swerving into the left lane from the right lane without using a turn signal and not staying in the lane before swerving back into the right lane. Officer Dobbs testified that there were vehicles in front of and behind Appellant's car and that he believed the safety of these motorists was in danger. He further testified that Appellant's operation of the motor vehicle indicated that he was intoxicated and a threat to the safety of

others.

Appellant contends that this was not a reasonable basis for Officer Dobbs to have initiated the traffic stop. He contends that Officer Dobbs testified that not paying attention and the use of cell phones are the two most common reasons for failing to maintain a single lane as required by the Texas Transportation Code. When reviewing the context of Officer Dobbs's testimony, it is clear that Appellant has taken what he said out of context. Officer Dobbs was asked if there were other reasons for a motorist to be weaving or failing to maintain a single lane other than intoxication. Officer Dobbs responded that other than intoxication, not paying attention and the use of cell phones were the most common reasons for swerving. We thus conclude that if the trial court had considered these facts at a suppression hearing, it would have concluded Officer Dobbs had a reasonable basis for suspecting Appellant was in the act of committing a traffic offense. *See Johnson*, 365 S.W.3d at 489.

Appellant's first issue is overruled.

## CHAIN OF CUSTODY

In his second issue, Appellant contends that the trial court erred in failing to grant his motion for a directed verdict in that the State failed to prove a connection between the blood drawn and the blood tested. He asserts that the State failed to establish a chain of custody to prove that the blood sample analyzed was taken from him.

### Applicable Law

In order for the results of a blood test to be admitted into evidence, a proper chain of custody of the blood sample that was drawn from the accused and later tested must be established. *Durrett v. State*, 36 S.W.3d 205, 208 (Tex. App.–Houston [14th Dist.] 2001, no pet.). Proof of the beginning and the end of the chain will support admission of the evidence barring any showing of tampering or alteration. *Penley v. State*, 2 S.W.3d 534, 537 (Tex. App.–Texarkana 1999, pet. ref'd). Without evidence of tampering, most questions concerning care and custody of a substance go to the weight attached, not to the admissibility of the evidence. *Lagrone v. State*, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997).

The court does not abuse its discretion by admitting evidence based on a belief that a reasonable juror could find that the evidence has been authenticated or identified. *Dossett v. State*, 216 S.W.3d 7, 17 (Tex. App–San Antonio 2006, pet. ref'd). The requirement of

4

authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. TEX. R. EVID. 901(a).

**Discussion**

April Shannon, a phlebotomist, testified that she drew blood from Appellant at 6:20 p.m. on June 20, 2010, at the nurses' station in the Anderson County Sheriff's Department. The affidavit of Dennis Keith Pridgen, a forensic chemist for the Texas Department of Public Safety laboratory in Tyler, established that he had examined this blood sample. This fulfills the requirement that the proper chain of custody of the blood sample was drawn from the accused and later tested. *See Penley*, 2 S.W.3d at 537. Appellant had the burden of producing evidence to show that the sample had been tampered with, and he failed to do so. *See Lagrone*, 942 S.W.3d at 617. Therefore, any question as to the chain of custody would go to the weight of the evidence to be considered by the jury. *See id*. We cannot determine from the record that the jury did not properly consider all of the evidence before it in reaching its verdict. Appellant's second issue is overruled.

**DISPOSITION**

Having overruled Appellant's first and second issues, the judgment of the trial court is *affirmed*.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 3, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 3, 2013**

**NO. 12-12-00233-CR**

**THOMAS CLARENCE SIMMONS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd Judicial District Court

of Anderson County, Texas. (Tr.Ct.No. 30533)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*