

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-12-00361-CR

**KELLY RICHARD UNTERBURGER,**

                                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                        **Appellee**

_____

**From the 18th District Court
Johnson County, Texas
Trial Court No. F45846**

---

## MEMORANDUM OPINION

---

Kelly Richard Unterburger was charged and convicted of possession of a controlled substance, cocaine, less than one gram. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010). He was sentenced to two years in State Jail, which was suspended, and placed on community supervision for five years. We affirm the trial court's judgment.

Unterburger and his girlfriend were stopped by a DPS trooper for speeding. After obtaining consent to search the vehicle from Unterburger's girlfriend, who was the owner of the vehicle, the DPS trooper located various drug paraphernalia and cocaine residue in a white bag in the back of the vehicle. Unterburger admitted to possession of a black toiletry bag within the white bag, having a white bag similar to the white bag in the vehicle, and having packed the white bag.

On appeal, Unterburger argues that the trial court erred in admitting certain extraneous offense evidence, that being drug paraphernalia, because it was offered to prove character conformity in violation of Rule 404(b) of the Texas Rules of Evidence. A trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009); *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). As long as the trial court's ruling is within the "zone of reasonable disagreement," there is no abuse of discretion, and the trial court's ruling will be upheld. *De La Paz*, 279 S.W.3d at 343–44; *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on rh'g).

It appears that Unterburger takes issue with all the drug paraphernalia evidence admitted, that being State's Exhibits 2-25. However, at trial, objections were raised only as to Exhibits 7-10 and 17, 18, and 21. To the extent Unterburger contests the admissibility of any exhibit other than these seven exhibits, those arguments are not preserved for our review. TEX. R. APP. P. 33.1.

Unterburger objected to the admission of various objects, and photographs of those objects, found inside the white bag. Those objects are: a plastic gum container and the photograph thereof; a photograph of white powder in a plastic baggie which was found in the plastic gum container; a Tupperware container with a crusty white residue and the photograph thereof; and cotton balls and the photograph thereof.

To preserve a complaint about the illegal seizure of evidence, a defendant must either file a motion to suppress and obtain a ruling on the motion or timely object when the State offers the evidence at trial. *See* TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a)(1); *Ross v. State*, 678 S.W.2d 491, 493 (Tex. Crim. App.1984); *Ratliff v. State*, 320 S.W.3d 857, 860–61 (Tex. App.—Fort Worth 2010, pet. ref'd). If the defendant waits until the State offers the evidence at trial, the objection to the evidence must be made before a witness gives substantial testimony about it. *See Marini v. State*, 593 S.W.2d 709, 714 (Tex. Crim. App. [Panel Op.] 1980) (explaining that an objection to evidence "must be urged at the earliest opportunity"); *Ratliff*, 320 S.W.3d at 261.

Prior to the offer and admission of the photographs and objects, the trooper testified about each of the objects: what it looked like, where it was found, and what its significance was to the trooper, all without objection. No objection was raised until first, the photograph of the object, and next, the object itself, was offered into evidence.

This is too late.  Thus, Unterburger's complaints as to State's Exhibits 7-10, 17, 18, and 21 are waived.[1]

Unterburger's sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed December 12, 2013
Do not publish
[CR25]

---

[1] Nevertheless, because the State had to prove Unterburger knew that he possessed cocaine, *see Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App.2005); *Santiesteban-Pileta v. State*, 10-12-00154-CR, 2013 Tex. App. LEXIS 7515 (Tex. App.—Waco June 20, 2013, no pet.) (publish), the paraphernalia was admissible to prove knowledge.  *See* TEX. R. EVID. 404(b).