**Opinion filed August 11, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00164-CR
_____

## GILBERT CASTORENA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**
**Haskell County, Texas**
**Trial Court Cause No. 6749**

## M E M O R A N D U M   O P I N I O N

After a bench trial, the trial court found Gilbert Castorena guilty of possession of more than one gram but less than four grams of methamphetamine.[1]  The trial court assessed Appellant's punishment at confinement for ten years and then sentenced him.  We affirm.

---

[1]TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010).

## I. *Background Facts*

Nick Shaginaw, a police officer with the Haskell Police Department, observed Appellant make an illegal right turn, and he stopped Appellant for that traffic violation. Officer Shaginaw discovered, after he had checked Appellant's driver's license, that Appellant did not have the required liability insurance. He issued Appellant a ticket for "Fail[ure] to Maintain Financial Responsibility," and he issued a warning for the illegal right turn. Officer Shaginaw then asked Appellant, who was the sole occupant of the pickup, if he had any guns or drugs on him or in his pickup. Appellant said, "No," but qualified his answer and explained that he had a BB gun in his pickup.

Officer Shaginaw said that he was not interested in the BB gun and asked to search the pickup. He specifically asked: "Do you have anything illegal?" and "Do you mind if I look?" Appellant replied, "Go ahead." As Officer Shaginaw began his search, Appellant informed him that the BB gun was in the glove box. Officer Shaginaw replied that he was "looking for drugs and other things too." Appellant said, "Oh, okay," and then he walked to the back of his pickup.[2] As Officer Shaginaw conducted his search, he found, in the rear passenger compartment, a black handbag that contained a small plastic baggie that had methamphetamine residue in it, a "torch-type lighter," and a box of plastic bags with the corners removed. Officer Shaginaw arrested Appellant and took him to the Rolling Plains Detention Center. After Appellant arrived at the detention center, James Christopher Rogers, who worked at the facility, searched Appellant and discovered a baggie that contained 3.94 grams of methamphetamine that Appellant had hidden in one of his socks.

---

[2]The State introduced, as State's Exhibit No. 1, the videotape of the traffic stop of Appellant, with no objection from defense counsel.

## II. *Analysis*

In a single issue, Appellant contends that the trial court erred when it admitted and considered evidence recovered from Appellant's pickup because he only gave consent to search the glove box of his pickup, not the entire pickup. Appellant further contends that, because the search was outside the scope of his consent, the trial court should have suppressed the evidence found during the search of his person at the detention center. The State argued that Appellant failed to preserve the issue for review and that, even if he did, the trial court did not abuse its discretion when it found that Appellant had consented to the search of his entire pickup. We agree with the State's arguments.

### A. *Appellant did not preserve his issue for review*

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion in which he states the specific grounds for the desired ruling, if the grounds are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1)(A); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). And the trial court must have ruled on the request, objection, or motion, or the party must have objected to any refusal by the trial court to rule. TEX. R. APP. P. 33.1(a)(2); *see Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Likewise, to preserve a complaint about the illegal seizure of evidence, a defendant must either file a motion to suppress and obtain a ruling or timely object when the State offers the evidence. *Ratliff v. State*, 320 S.W.3d 857, 860 (Tex. App.—Fort Worth 2010, pet. ref'd); *see Ross v. State*, 678 S.W.2d 491, 493 (Tex. Crim. App. 1984). If the defendant waits to object at trial, he must do so before any witness gives substantial testimony about the seized evidence. *Ratliff*, 320 S.W.3d at 860.

Appellant did not move to suppress the evidence prior to trial and did not ask the trial court to issue a pretrial ruling on whether Appellant had voluntarily consented to the search of his entire pickup. Similarly, Appellant did not object to the admission of State's Exhibit No. 1, which was the video of the traffic stop. Appellant also did not object to Officer Shaginaw's testimony about the search of Appellant's pickup or about the evidence seized from the pickup. In addition, Appellant did not object to Rogers's testimony about the evidence that he seized from Appellant after Appellant's arrest. After Officer Shaginaw and Rogers had both testified, Appellant objected to the admission of State's Exhibit Nos. 2 and 3[3] and challenged the "validity of the search." The trial court admitted both exhibits "subject to any further objections to the search." The State then moved to admit State's Exhibit No. 4, which was the report of the chemical analysis performed on the 3.94 grams of methamphetamine; defense counsel stated, "I have no objections to that." In his closing argument to the trial court, Appellant's defense counsel argued that Officer Shaginaw's search of the pickup exceeded the scope of Appellant's consent to a search of the glove box.

To preserve error, the party must let the trial court know what he wants and why he thinks he is entitled to it and must do so clearly enough for the trial court to understand him at a time when the trial court is in the proper position to do something about it. *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). Because Appellant failed to timely object to the evidence contained in State's Exhibit Nos. 1 and 4 and to the evidence presented in Officer Shaginaw's and Rogers's testimony, we hold that Appellant failed to preserve his issue for review. *See Smith v. State*,

---

[3]State's Exhibit No. 2 was a manila evidence envelope that contained State's Exhibit No. 3, which contained the plastic evidence envelope that held the baggie of drugs that was seized from Appellant's sock during the search at the detention center.

243 S.W.3d 722, 726 (Tex. App.—Texarkana 2007, pet. ref'd) (no error preserved when no motion to suppress, no suppression hearing, no complaint to introduction of evidence about search, and no objection to admission of drugs). But even if we are incorrect and Appellant has preserved his issue, he nonetheless consented to the search of his entire pickup and the black handbag located within it.

### B. Appellant consented to the search of his pickup

Absent "a few specifically established and well-delineated exceptions," the Fourth and Fourteenth Amendments prohibit searches conducted without a warrant issued based on probable cause. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). Consent to search is one such exception. *Id.* However, a suspect is free to limit the scope of his consent. *Simpson v. State*, 29 S.W.3d 324, 330 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (citing *Florida v. Jimeno*, 500 U.S. 248, 252 (1991)). The scope of consent is determined by "what the typical reasonable person would have understood by the exchange between the officer and the suspect." *Id.* (citing *Jimeno*, 500 U.S. at 251). The State has the burden to prove that the search conducted was within the scope of Appellant's consent. *Malone v. State*, 163 S.W.3d 785, 798 n.6 (Tex. App.—Texarkana 2005, pet. ref'd).

We review a trial court's finding on consent to search for an abuse of discretion. *Montanez v. State*, 195 S.W.3d 101, 108 (Tex. Crim. App. 2006). We give almost total deference to the trial court's decision on historical facts that are supported by the record. *Id.*

When Appellant informed Officer Shaginaw that he had a BB gun in his car, Officer Shaginaw stated that he was not interested in the BB gun, but he nonetheless asked to search the pickup. Appellant replied, "Go ahead." As Officer Shaginaw approached the pickup, Appellant informed him that the BB gun was in the glove

5

box.  Officer Shaginaw replied, "Okay.  I'm looking for drugs and other things too."  Appellant said, "Oh, okay," and then he walked to the back of his pickup as Officer Shaginaw searched it.  Officer Shaginaw's requests were close in time and related, and in response, Appellant did not alter or withdraw his consent.  A reasonable person would have understood this interaction to grant general consent to search the vehicle.  *Simpson*, 29 S.W.3d at 330 ("Unless an officer's request, or a suspect's consent, limits a search to a particular area of the vehicle, such as the passenger compartment or trunk, we believe that a request for a search 'of the car' reasonably includes all areas of the vehicle and excludes none.").  The State met its burden to show by clear and convincing evidence that Appellant consented to Officer Shaginaw's search of the pickup and the black handbag located within the pickup.  We hold that the trial court did not abuse its discretion when it found that Appellant consented to a search of his entire pickup.  As a result, the trial court did not abuse it discretion when it admitted and considered the evidence seized from Appellant's pickup and, later, his person.  *See Bustamonte*, 412 U.S. at 219; *Simpson*, 29 S.W.3d at 330.  We overrule Appellant's sole issue on appeal.

## III. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

August 11, 2016

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.