**Opinion issued April 25, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00075-CR

_____

**KOLBE ALLAN DOYLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1583406**

---

## MEMORANDUM OPINION

Kolbe Allan Doyle pleaded guilty to the offense of compelling prostitution by a child.[1]  In accordance with Doyle's plea agreement with the State, the trial court deferred adjudication of his guilt, placed him on community supervision for 10

---

[1]    *See* TEX. PENAL CODE § 43.05(a)(2), (b) (offense constitutes first-degree felony).

years, and imposed a $1,000 fine. Subsequently, the State moved to adjudicate Doyle's guilt, alleging numerous violations of the conditions of his community supervision.

After a hearing, the trial court found true the State's allegations that Doyle committed new offenses of aggravated assault with a deadly weapon, namely a firearm, and endangering a child.[2] The trial court granted the State's motion, found Doyle guilty of the underlying offense of compelling prostitution, and assessed his punishment at confinement for 25 years. Doyle appeals.[3]

In his sole issue, Doyle contends that the trial court erred at the adjudication hearing by admitting a firearm, magazine, and bullet into evidence, along with related testimony. According to Doyle, the evidence was obtained through a warrantless search of the car he was driving and in violation of his constitutional rights.[4]

We affirm.

---

[2]     *See id.* §§ 22.02 (aggravated assault); 22.041(c) (endangering a child).

[3]     *See* TEX. CODE CRIM. PROC. arts. 42A.108(b) (determination to proceed with adjudication of guilt on original charge reviewable in same manner as revocation when adjudication not deferred); 42A.110(a) (after adjudication, all proceedings, including appeal, continue as if adjudication had not been deferred).

[4]     *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9.

## Background[5]

In the trial court's order of deferred adjudication in the underlying offense, the conditions of community supervision included that Doyle "[c]ommit no offense against the laws of this or any other State or of the United States."

Six months after that order was issued, a Harris County Grand Jury issued a true bill of indictment, alleging that Doyle "intentionally and knowingly threaten[ed] [Skyla Bailey] . . . with imminent bodily injury by using and exhibiting a deadly weapon, namely, a firearm."[6] The State then filed a motion to adjudicate Doyle's guilt in the underlying offense.

At the adjudication hearing, complainant Skyla Bailey testified that, on June 20, 2022, Doyle was driving her car, and she was riding in the front passenger seat. Bailey's two-year-old son, complainant K.K., was riding unrestrained in Bailey's lap. Bailey and Doyle, who were in a romantic relationship, got into a disagreement.

---

[5] Because Doyle does not challenge the sufficiency of the evidence to support the trial court's finding that he committed new offenses, we state only those facts necessary to the disposition of his issue on appeal.

[6] The Grand Jury also issued a true bill of indictment alleging that Doyle engaged in conduct that placed Bailey's son, K.K., "in imminent danger of serious bodily injury and death, namely, by operating a motor vehicle with the child riding unsecured and with no child safety seat available in the vehicle, by pointing a firearm at the child, [and] by causing the child to be expelled from the motor vehicle while driving at a high rate of speed on a freeway." Because we conclude below that the trial court did not err in finding true the State's allegation that Doyle committed aggravated assault, we do not reach the State's allegation of child endangerment. *See* TEX. R. APP. P. 47.1; *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) (single violation of community supervision is sufficient to support adjudication).

Bailey testified that Doyle "had his gun" and that he "shot his gun through" the open passenger window next to her and "then pointed it at [K.K.]." Although they were traveling down a freeway at "probably more" than 50 miles per hour, Bailey felt that "[s]hooting the gun [was] threatening" her, and she opened the passenger door and jumped out of the car while holding K.K.

Doyle turned around, picked up Bailey and K.K., and drove them to Houston Methodist Hospital. The emergency room records admitted into evidence reflect that Bailey suffered "major trauma with hemorrhage" requiring "critical care," including multiple abrasions, contusions, and blunt trauma, as well as a laceration and hemorrhage of her right kidney. She was subsequently transferred to another hospital for a "trauma" care. And Bailey testified that she suffered a broken leg that required surgical repair.

The Methodist emergency room records also reflect that K.K. suffered contusions and abrasions to his head, chest, abdomen, and pelvis. He was also later transferred to another hospital.

Bailey further testified that, while she was at Methodist and alone in her room, she spoke with a police officer about what happened and told the officer that Doyle had a gun during the incident.

4

Houston Police Officer A. Bennett testified that she interviewed Doyle and Bailey at Methodist on June 20, 2022. Doyle stated that Bailey was riding as a passenger in a car that he was driving and that she had "fallen out" of the car.

Officer Bennett testified that Bailey stated that Doyle was driving the car—a white Dodge Charger—and that she was riding as a passenger. She also stated that she had simply "fallen out" of the car with her son, but she seemed to be in shock.

Officer Bennett and another officer located the Charger in the hospital parking garage and saw blood smeared on the car. During a search of the car, Officer Bennett found a handgun "under the trunk underneath the flap—on top of the battery on the right-hand side of the car." There was an unfired cartridge in the chamber and live rounds in the magazine. The trial court admitted the firearm, magazine, and bullet into evidence over Doyle's objection.

After the hearing, the trial court found true the State's allegation that Doyle had committed a new law violation[7] and adjudicated him guilty of the underlying offense of compelling prostitution by a child.

---

[7] Although the trial court seems to have stated at the hearing that it also found true the State's allegation that Doyle failed to complete sex offender counseling, the written judgment reflects that it solely found a "law violation."

**Adjudication of Guilt**

In his sole issue, Doyle contends that the trial court erred in admitting the firearm, magazine, and bullet into evidence, along with related testimony.[8] He asserts that the officers' search of Bailey's vehicle "went well beyond the scope of what police theoretically would be permitted to do" and that they had "no reasonable belief that [he] committed a crime or that there would be evidence of a crime in the car."

*Standard of Review*

We review a trial court's decision to revoke community supervision and adjudicate guilt for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). A trial court may revoke community supervision and adjudicate guilt when a preponderance of the evidence supports *at least one* of the State's alleged violations of the conditions of community supervision. *See Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). This standard is met when the greater weight of the credible evidence creates a reasonable belief that a defendant has violated a condition of his community supervision. *Hacker*, 389 S.W.3d at 865. The trial court is the sole judge of the witnesses' credibility. *Id.*

---

[8]    *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9.

We also review a trial court's decision to admit evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). An abuse of discretion occurs if the trial court's decision falls outside the zone of reasonable disagreement. *Id*. at 83.

*Analysis*

We must first address the State's assertion that Doyle failed to preserve his issue for review. *See Darcy v. State*, 488 S.W.3d 325, 327–28 (Tex. Crim. App. 2016) (conviction may not be reversed without first addressing any issue of error preservation). Specifically, the State argues that Doyle's objection to the admission of the evidence at issue—the firearm, magazine, and bullet—was untimely because he failed to assert it as soon as the basis for such objection became, or should have become, apparent. In addition, Doyle failed to object to any of the testimony about the complained-of evidence. The State also argues that because the testimony about the evidence was properly admitted, any error in admitting the evidence itself was harmless.

To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if not apparent from the context. TEX. R. APP. P. 33.1(a)(1); *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014) ("Failure to object at trial may

7

waive even constitutional errors."). To be considered "timely," the objection must be made at the "earliest possible opportunity." *Yazdchi*, 428 S.W.3d at 844.

In the context of a complaint that the trial court erred in admitting improperly seized evidence, the defendant must either move to suppress the evidence, and obtain a ruling, or timely object when the State offers the evidence at trial. *Stults v. State*, 23 S.W.3d 198, 205 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). If the defendant waits until the State offers the evidence at trial, an objection must be made *before* a witness gives substantial testimony about it. *Id.* at 205; *see also Ratliff v. State*, 320 S.W.3d 857, 862 (Tex. App.—Fort Worth 2010, pet. ref'd). "Texas courts have repeatedly held that an objection to the introduction of physical evidence made after the witness testifies without defense objection regarding the evidence preserves no error for appellate review." *Zamora v. State*, No. 01-09-01049-CR, 2011 WL 1434692, at *6 (Tex. App.—Houston [1st Dist.] Apr. 14, 2011, pet. ref'd) (mem. op., not designated for publication).

In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). A party may not complain on appeal about improperly admitted evidence if the same or similar evidence was admitted without objection—either before or after the admission of the disputed evidence. *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).

8

Further, a party's issue on appeal must comport with his objection at trial. *Yazdchi*, 428 S.W.3d at 844.

Here, Doyle did not file a motion to suppress the evidence at issue. Rather, at the adjudication hearing, the following discussion took place during the State's examination of Office Bennett:

Q.   In speaking with Mr. Doyle, did he describe to you whether or not he drove that vehicle to the hospital?

A.   Yes. He stated that he drove the vehicle to the hospital.

Q.   And when you located that vehicle, what observations did you make about the outside of that vehicle?

A.   Upon arrival to the—me and another officer—he stated that there was—he saw that there was blood smeared on the right back corner of the vehicle.

Q.   And when you saw that there was blood smeared on the vehicle, what was your next step?

A.   *Well, that gave us, basically, the PC to go ahead and search the vehicle, make sure no one else was in there, and then we searched it.*

Q.   *And when you searched the vehicle that Mr. Doyle was driving, can you tell us what you found.*

A.   *I found the firearm located under the trunk underneath the flap— on top of the battery on the right-hand side of the car.*

[State]:            May I approach, Your Honor?

[Trial Court]:     Yes, Ma'am.

Q.   Officer Bennett, I am showing you what has been previously marked as State's Exhibits 5, 6, and 7. Starting with Exhibit 5, can you tell us what this is?

A.   Firearm.

Q.   And what kind of firearm is it?

A.   It's a handgun. It's a deadly weapon.

9

Q.   Okay. And if you could speak up just a little.

A.   It's a firearm and it's considered a deadly weapon.

Q.   Okay.  And is it a real firearm?

A.   Yes, ma'am.

Q.   Is it capable of firing bullets?

A.   Yes, ma'am.

Q.   And in fact, in State's Exhibit 6, what are we looking at here?

A.   A magazine.

Q.   And where did you recover this magazine from?

A.   It was located inside of the firearm, which I basically cleared it, so . . . .

Q.   Did you find any shells or—excuse me—any bullets in the magazine?

A.   Yes.  So when I cleared the weapon, this came out of the chamber, and I took out the magazine.

Q.   Okay.  When you say this came out of the magazine, you are describing—or—sorry—this came out of the chamber, you're describing State's Exhibit 7?

A.   Yes, ma'am, a fire cartridge.

Q.   Okay.  So these are unfired rounds inside of State's Exhibit 5?

A.   Yes.

Q.   And you found all of these things inside of the vehicle that Mr. Doyle was driving?

A.   That's true.

(Emphasis added.)  The State then tendered the firearm, magazine, and bullet to defense counsel for inspection and offered them into evidence.

After taking Officer Bennett on voir dire, Doyle objected to the admission of "State's [exhibits] 5, 6, and 7" on the ground that the officers lacked probable cause

10

to search the car beyond looking inside for another person who might be injured. The trial court overruled Doyle's objection.

With respect to the trial court's admission of the physical evidence at issue—the firearm, magazine, and bullet—Doyle's objection was untimely because it was not made at the "earliest possible opportunity." *See Yazdchi*, 428 S.W.3d at 844. Officer Bennett testified at length about the officers' basis for the search of the car, where the evidence was found, and the description of the firearm, magazine, and bullet, without objection by Doyle. *See id*. (citing *Hollins v. State*, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991) ("[A]n objection must be made as soon as the ground of objection becomes apparent [or] the defense knows *or should know* that an error has occurred." (emphasis added))).

Because Doyle objected to the firearm, magazine, and bullet only after Officer Bennett had substantially testified about this evidence, Doyle failed to preserve error with respect to the trial court's admission of the evidence. *See Ratliff*, 320 S.W.3d at 862 ("[A]ppellant's failure to object at the time [officer] specifically described the physical evidence and explained how he found that evidence forfeited any error associated with his objection to the State's later introduction of the evidence.").

In addition, Doyle did not object to Bailey's subsequent testimony that Doyle "had his gun" and that he "shot his gun through" the open passenger window next to her and "then pointed it at [K.K.]." Thus, similar evidence—that Doyle had a

firearm containing a live round in the car—was admitted without objection. *See Leday*, 983 S.W.2d at 718 (holding party may not complain about improperly admitted evidence if same or similar evidence is admitted without objection before or after admission of disputed evidence); *Gomez v. State*, No. 01-19-00066-CR, 2020 WL 1291293, at *3 (Tex. App.—Houston [1st Dist.] Mar. 19, 2020, no pet.) (mem. op., not designated for publication) ("[W]hen the erroneous admission of evidence is cumulative of other properly admitted evidence proving the same fact, the erroneous admission is considered harmless.").

Further, insofar as Doyle complains on appeal that the trial court erred in admitting testimony related to the evidence, because Doyle objected at trial only to the admission of "State's [exhibits] 5, 6, and 7"—the physical evidence—and he did not object to Officer Bennett's or Bailey's testimony about this evidence, he did not preserve error with respect to the "related testimony." *See* TEX. R. APP. P. 33.1(a)(1); *Yazdchi*, 428 S.W.3d at 844; *see also Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (objection to two photos did not preserve error regarding related evidence). Moreover, Doyle's complaint on appeal does not comport with his objection in the trial court. *See Yazdchi*, 428 S.W.3d at 844; *Rodriguez v. State*, No. 01-12-01007-CR, 2014 WL 2592959, at *4 (Tex. App.—Houston [1st Dist.] June 10, 2014, pet. ref'd) (mem. op., not designated for publication).

Because Doyle failed to preserve his complaints in the trial court, we hold that he has waived them.  We overrule Doyle's sole issue.

## Conclusion

We affirm the trial court's judgment.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).