**C.L. CARR, Plaintiff-Appellant,**

v.

**Steve REDFORD,
Defendant-Respondent.**

No. 13625.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 17, 1984.

**4**

James L. Bowles, Patrick J. Platter, Daniel, Clampett, Rittershouse, Lilley, Dalton, Powell & Cunningham, Springfield, for plaintiff-appellant.

Peter H. Rea, Branson, Connie L. Wible, Springfield, for defendant-respondent.

GREENE, Judge.

In a two-count petition, C.L. Carr sued Steve Redford asking for a court order directing specific performance of a document alleged to be a contract, and for damages in the sum of $500,000 because of the failure of Redford to perform under the conditions of the alleged contract.

Redford's answer was in the nature of a general denial. At trial, and at the close of Carr's evidence, Redford moved for judgment in his favor, which motion was sustained. Carr appealed.

Plaintiff's evidence consisted primarily of Carr's identification of the alleged contract, his assertion that Redford "wrote and signed" the document, which was verified by witness Les Cameron, and a recitation by Carr as to his paying off mortgages, etc., on some of his property that he was supposedly trading to Carr. He also identified a sales brochure on property in Wood Ridge Estates subdivision, as well as a plat of the lots in the subdivision. The document in question, as plaintiff's exhibit 1, is handwritten on yellow paper and reads as follows:

| "Carr to Redford | Redford to Carr |
|---|---|
| Locker Plant 27 Acres<br> Forsyth | Wood Ridge Estates |
| Bldg. 9,000 sq. ft.<br> Aurora | Lots and surrounding<br> land |
| Waterslide and land<br> Dog Patch, Ark. | 76 150 acres<br>16 acres [at] 86/13 Jct. |
| 1980 Cadilac [sic] Eldorado | $1,000.00 cash |

Feb. 7, 1983
s/ C. L. Carr
s/ S. Redford"

At the close of plaintiff's evidence, and after hearing arguments, the trial judge said:

"The trial brief filed by the plaintiff is an excellent trial brief, but I think there is a limit to what the Court can do, and to order that this is a specific contract is totally incomprehensible to this Court. There was no description of the property set out in that document and no description of the type of vehicle, except just a 1980 Cadillac, but no showing whether it had to have a motor or hood or tires or anything else, and the document is so vague that it is impossible for the Court to order specific performance on it, and the Court has no choice but to sustain Mr. Rea's motion for judgment and to order that plaintiff is not entitled to damages in this case."

The legal file shows the following docket entry, which was dictated into the record by the trial judge:

"January 16, 1984..... Parties and their counsel appear. Defendant's counsel requests leave to amend answer alleging Statute of Frauds as an affirmative defense. Plaintiff objects. Request refused. Plaintiff presents his testimony. At close of all testimony defendant moves for judgment. Motion sustained for reasons dictated into record. Court finds that since there is no contract that can be specifically reformed that plaintiff is not entitled to damages. Court accessed costs against plaintiff."

 The trial judge's order sustaining Redford's motion for judgment was based on substantial evidence, is not against the weight of the evidence, and is not based on any erroneous declaration or application of law. This being so, the order should be affirmed. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). As aptly stated by the trial court, the document in question is so vague that it is impossible for the court to order specific performance on it. It necessarily follows that if the document in question is so vague as to be unenforceable, no damages can be awarded for failure of one party to perform under the agreement.

An extended opinion would have no precedential value. The order of the trial court sustaining defendant's motion for judgment in his favor is affirmed. Rule 84.-16(b), V.A.M.R.

TITUS, P.J., and FLANIGAN, J., concur.