**Opinion filed January 10, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-17-00035-CR

_____

## CHARLES MITCHELL NASH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR24625**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant of possession of a controlled substance with intent to deliver and assessed his punishment at confinement for a term of fifteen years in the Institutional Division of the Texas Department of Criminal Justice. In a single issue on appeal, Appellant contends that the arresting officer unlawfully extended a traffic stop without reasonable suspicion, violating Appellant's Fourth Amendment rights. We affirm.

*Background Facts*

On April 7, 2016, Texas Department of Public Safety Trooper Michael Sams stopped a pickup after observing it operating in the left lane of a highway without passing other vehicles. Appellant was the driver of the vehicle. When Appellant observed Trooper Sams turn around to follow him, Appellant made a left-hand turn into a rest area without using his turn signal.

Upon contacting Appellant, Trooper Sams asked him for his driver's license. Appellant initially told Trooper Sams that he did not have his driver's license with him. Trooper Sams asked Appellant to step out of the vehicle so that he could obtain Appellant's identification information. Trooper Sams testified that Appellant appeared extremely nervous and scared.

Within two minutes after Trooper Sams contacted Appellant, Appellant told Trooper Sams that his driver's license was suspended. Appellant further advised Trooper Sams that neither of his passengers was able to drive the vehicle. Trooper Sams confirmed this information with the passengers—Appellant's father and Appellant's girlfriend.

Appellant's father told Trooper Sams that the pickup belonged to him. Trooper Sams explained to Appellant's father that Appellant seemed to be extremely nervous and that he would like permission to search the pickup. Appellant's father gave Trooper Sams consent to search the pickup within approximately six minutes after Trooper Sams contacted Appellant. Appellant's girlfriend refused consent to search her luggage, which she said contained her and Appellant's property. Appellant also consented to a search of the vehicle. Trooper Sams subsequently requested a canine unit's assistance to avoid violating the nonconsenting passenger's rights.

2

Prior to the canine unit's arrival, Trooper Sams learned that Appellant had an active warrant for his arrest. Trooper Sams placed Appellant in handcuffs, taking him into custody for that warrant. The canine unit conducted a free air sniff of the vehicle approximately twenty-five minutes after Trooper Sams contacted Appellant. After the canine alerted, the nonconsenting passenger informed Trooper Sams that narcotics would be in the vehicle, and she directed him to them. Trooper Sams found a large bag of crystal methamphetamine, two loaded syringes filled with liquid methamphetamine, two guns, and two bags of empty syringes. The total amount of methamphetamine found was 30.02 grams. Appellant subsequently admitted to knowing that the methamphetamine was in the vehicle.

Appellant never lodged a complaint with the trial court about the allegedly unlawful detention or the lack of reasonable suspicion. Appellant did not file a motion to suppress evidence prior to trial, nor did he raise the issue at the pretrial hearing or otherwise before trial began. Moreover, Appellant did not timely object at trial to the admission of any evidence on suppression grounds.

*Analysis*

Appellant asserts that Trooper Sams unlawfully extended the investigatory stop without reasonable suspicion. However, Appellant did not present this complaint to the trial court in a motion to suppress or by way of a trial objection. A claim that evidence should have been suppressed is forfeited if not presented to the trial court. *See Smith v. State*, 499 S.W.3d 1, 6 (Tex. Crim. App. 2016); *Douds v. State*, 472 S.W.3d 670, 677 (Tex. Crim. App. 2015). To preserve error about the illegal seizure of evidence, a defendant must either file a motion to suppress and obtain a ruling on the motion or timely object when the State offers the evidence at trial. *See* TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a)(1); *Ross v. State*, 678 S.W.2d

491, 493 (Tex. Crim. App. 1984); *Ratliff v. State*, 320 S.W.3d 857, 860 (Tex. App.—Fort Worth 2010, pet. ref'd). Accordingly, Appellant has not preserved his suppression claim for appellate review.

Moreover, the basis suggested by Appellant for suppressing evidence from the canine search is not well-founded. Appellant seeks to complain about the length of Trooper Sams's detention prior to the canine search. He contends that Trooper Sams did not have a basis for continuing the stop for more than just a few minutes. We disagree. Trooper Sams observed two traffic offenses before making contact with Appellant. He then learned, within a few minutes, that Appellant had a suspended driver's license. A routine traffic stop includes investigation of the suspected offense as well as a license and warrant check. *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004). Only after a computer check of the license and warrant status is completed and the officer knows that this driver has a currently valid license, no outstanding warrants, and the car is not stolen is the traffic-stop investigation fully resolved. *Id.* at 63–64, 65. The traffic stop of Appellant was not fully resolved prior to the arrival of the canine unit because the driver did not have a valid driver's license. *See Roberson v. State*, 311 S.W.3d 642, 646 (Tex. App.—Eastland 2010, no pet.) (traffic stop investigation not completed because driver did not have a valid driver's license).

Furthermore, both Appellant and Appellant's father consented within a matter of minutes to a search of the vehicle. Trooper Sams then soon learned that Appellant had an active arrest warrant. Accordingly, the record demonstrates numerous bases for Trooper Sams to continue Appellant's detention. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


January 10, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[1];
and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.